1136 TENANTS' CORPORATION, Respondent, v. MAX ROTHENBERG & COMPANY, Appellant.—

Concur — Stevens, P. J., Capozzoli, Nunez and McNally, JJ. Steuer, J., dissents in the following memorandum: Plaintiff is a corporation owning a co-operative apartment house. Defendants are certified public accountants. Plaintiff has recovered a judgment amounting, with interest, to $237,278.83 for failure to perform services which were compensated for at the rate of $600 per annum. During the period in question plaintiff's building and all operations in connection with it were managed by Riker & Company, a firm of managing agents which managed several buildings. Riker & Company kept its own books, with which defendants had no connection. Riker & Company collected

maintenance charges, deposited them in its own account and paid bills from that account. It rendered monthly statements to plaintiff purportedly showing the income and disbursements. From these statements defendants posted plaintiff's books and rendered monthly a statement to plaintiff showing its financial condition as reflected by its books. It is defendants' contention that this is what it was hired to do. Plaintiff's loss resulted from the fact that Riker (the head of Riker & Company) appropriated certain of the collections to his own use and also failed to pay plaintiff's bills. Of course, whether or not defendants are liable depends on the contract of hiring (*State St. Trust Co.* v. *Ernst*, 278 N. Y. 104). In my opinion, the proof was overwhelming that the hiring was as defendants claim. Defendants were hired by Riker personally. He did testify at the trial that he engaged them to make audits. This is directly contrary to evidence he gave on an earlier trial and in a deposition. It is hardly credible that an embezzler would enagage an accountant to make an audit which would immediately reveal his own peculations. Moreover, the proof unequivocally shows that the statements issued by all the accountants hired by Riker (defendants and those that preceded them in the job) bore legends to the effect that they were unverified and no independent examination had been made. This is potent evidence of what the agreement was (*Pease & Elliman* v. *Weissman*, 4 A D 2d 936). Add to this the paltry fee for the work and the responsibility that would be involved if an audit were contracted for. Plaintiff contends that even if an audit were not contracted for defendants performed negligently. Specifically the charge is that defendants should have learned that there was something questionable about Riker's management. This was argued primarily from observations that could have been made had an audit been made. The only specific factor coming to defendants' attention was that Riker's statements showed defendants' own bills to have been paid when in fact they had not been, and that certain tax bills were not in defendants' files. Neither of these facts involved a breach of defendants' obligation. They might, conceivably, cause a fiduciary to report to his principal. But to require one in the relationship of defendants to take action would expand the obligation from bookkeeping to criminal detection. The verdict was against the weight of the evidence. As this was a nonjury trial this court should make new findings and render a verdict for defendants.