William W. Serra, J.
This is a motion for the dismissal of the complaint on the grounds that the action cannot be brought by reason of the .Statute of Limitations. The complaint alleges that the defendants in or about the years 1966 and 1967 prepared Federal and New York State income tax returns on behalf of the plaintiffs which were filed by the plaintiffs. The complaint further alleges negligence in the preparation of said returns resulting in an overas.sessm.ent of taxes against the plaintiffs in the amount of $8,069.16. Plaintiffs allege they discovered the error in 1970 and after consulting with other tax specialists confronted the defendants with the facts in the spring of 1971. An application by defendants for correction of the error to the Internal Revenue Service was rejected because of the three-year Statute of Limitations running from the filing date in 1967. The moving papers are based upon these allegations in the complaint. The answering affidavits of the plaintiff, D. Brad Wilkin, Sr., allege that the plaintiffs continued in an accountant-client relationship for income tax purposes until 1970 in connection with the plaintiffs’ income tax returns and that the plaintiffs continually complained of the 1966 tax prob *1026 lem but received no satisfaction from the defendants. Such affidavit does not relate to or come within the allegations of the existing complaint but conceivably could raise an issue of fact as to the extent of continuance of representation and as to whether the alleged malpractice consisted of an isolated instance terminating on or about April 15, 1967, or whether there was continuing representation through 1970. The question of continuity of tax representation may well involve the complexity of the accounting, including such questions as transference of annual depreciation schedules, net capital loss carry-overs, income averaging, continuity of methodology, and, possibly, other questions which involve an annual review or prior tax returns. Such questions are inappropriate to resolution in this motion.
On the ruling of the Court of Appeals in Borgia v. City of New York (12 N Y 2d 151) medical malpractice continues for Statute of Limitations issues until the cessation of treatment for the same or related illnesses or injuries, even after the alleged acts of malpractice, but not merely during the continuity of general physician-patient relationship. Such rule has been extended to lawyer-client relationships. (Siegel v. Kranis, 29 A D 2d 477.) The court in this case said (p. 480): “We believe that the rule is equally relevant to the conduct of litigation by attorneys. The resemblance between the continuous treatment of a condition of a patient by a physician and the continuous representation of a client in a lawsuit by an attorney is more than superficial. In both instances the relationship between the parties is marked by trust and confidence; in both there is presented an aspect of the relationship not sporadic but developing; and in both the recipient of the service is necessarily at a disadvantage to question the reason for the tactics employed or the manner in which the tactics are executed. The observation made by Chief Judge Desmond in Borgia (supra, p. 156) that it would be ludicrous to expect a patient to interrupt a course of treatment by suing the delinquent doctpr holds true as well in the case of a client who has confided his cause to an attorney The client is hardly in a position to know the intricacies of the practice or whether the necessary steps in the action have been taken. For better or for worse, the client must depend on his attorney to pursue the litigation diligently and according to- the rules. But the client is entitled to a standard of representation which the ordinary skill and diligence of an attorney would require.” (See, also, Gilbert Props, v. Millstein, 40 A D 2d 100; Wilson v. Econom, 56 Misc 2d 272.) This court deems the language of such *1027 decisions to be broad enough to relate to other professions of a confidential complex relationship such as the profession of certified public accounting.
It is urged that the statute applicable is six years as a breach of contract action. The allegations of the complaint, however, are grounded in tort, alleging ‘1 failure to analyze the factors of his retirement correctly ’ ’, and, also, freedom from contributory negligence and improper preparation of tax returns. No contract or agreement is alleged, either in the complaint or in the affidavits on this motion, which would indicate an intent to achieve a particular objective in the performance of a service. The six-year statute is not applicable but the three-year period of limitations applies. (See CPLR 214, subd. 6; Robins v. Finestone, 308 N. Y. 543; Safian v. Aetna Life Ins. Co., 260 App. Div. 765, affd. 286 N. Y. 649.)
The motion to dismiss is granted, with leave to the plaintiffs to serve an amended complaint within 10 days of service of an order consistent with this memorandum.