Harold J. Hughes, J.
Defendant has moved pursuant to CPLR 3212 for summary judgment on the ground that the cause of action alleged in the complaint is barred by the applicable Statute of Limitations.
This action is brought to recover for the alleged malpractice of an attorney. The complaint alleges that the defendant, while acting as the attorney for the plaintiff, obtained an order of attachment against certain individuals on July 20, 1970 and that he erroneously filed the order in Albany County instead of Schenectady County, where the property was located. On July 31, 1970 another judgment creditor filed in the proper county. It is further alleged that as a result of defendant’s failure to commence a civil action within 60 days, the order of attachment became null and void on September 20, 1970. Plaintiff’s affidavit in opposition to the present motion indicates that defendant’s file with respect to the case in question was turned over to plaintiff during the month of December, 1973 when the attorney-client relationship between plaintiff and defendant was terminated.
The Statute of Limitations period applicable to allegations of professional malpractice, other than medical malpractice, is three years (CPLR 214, subd 6). The issue in the present case is when the cause of action accrued. Defendant argues that the cause of action accrued at the time of the alleged wrongful acts, which would be no later than September 20, 1970 when the order of attachment obtained by defendant expired for failure to commence a civil action. Plaintiff argues that the cause of action accrued in December, 1973 when the defendant ceased to represent plaintiff with respect to the case in question.
The general rule in this State is that a cause of action for malpractice accrues at the time of the wrongful act or omission by the professional (Conklin v Draper, 254 NY 620). Under this rule the plaintiff’s cause of action would be time-barred since the specific acts of malpractice alleged in plaintiff’s complaint occurred more than three years prior to the date upon which this action was commenced.
One exception to the general rule, however, is the "continu *174 ous treatment” exception which holds that when a course of treatment by a professional which includes wrongful acts and omissions has been continuous and is related to the original condition or complaint, the claim accrues at the end of the treatment (Borgia v City of New York, 12 NY2d 151).
The continuous treatment doctrine has been extended to attorney malpractice (Gilbert Props. v Millstein, 33 NY2d 857; Grago v Robertson, 49 AD2d 645; Siegel v Kranis, 29 AD2d 477). In explaining the rationale for extending the continuous treatment doctrine to attorney malpractice cases, the court in Siegel (supra) noted (p 480): "We believe that the rule is equally relevant to the conduct of litigation by attorneys. The resemblance between the continuous treatment of a condition of a patient by a physician and the continuous representation of a client in a lawsuit by an attorney is more than superficial. In both instances the relationship between the parties is marked by trust and confidence; in both there is presented an aspect of the relationship not sporadic but developing; and in both the recipient of the service is necessarily at a disadvantage to question the reason for the tactics employed or the manner in which the tactics are executed. The observation made by Chief Judge Desmond in Borgia (supra, p. 156) that it would be ludicrous to expect a patient to interrupt a course of treatment by suing the delinquent doctor holds true as well in the case of a client who has confided his cause to an attorney. The client is hardly in a position to know the intricacies of the practice or whether the necessary steps in the action have been taken. For better or for worse, the client must depend on his attorney to pursue the litigation diligently and according to the rules. But the client is entitled to a standard of representation which the ordinary skill and diligence of an attorney would require.”
While the application of the continuous treatment doctrine to the situation where an attorney represents a client with respect to one particular transaction is fairly clear, more difficult problems are presented where, as in the present case, the attorney has an ongoing relationship with the client and presumably represented the client with respect to a number of different matters. In such a case, it would be unfair to apply a simplistic rule that a cause of action with respect to any one of the multitude of transactions handled by the attorney did not accrue until the over-all attorney-client relationship was terminated. Obviously, an attorney who served as counsel to a corporation from 1930 to 1976 should not be required in 1978 *175 to defend his handling of a collection case which was closed out in 1932. In the present case, however, there is no indication that the plaintiff should have concluded that the particular case in question had been concluded prior to the time when the over-all attorney-client relationship was terminated in December, 1973. Therefore, in applying the continuous treatment doctrine to the present case, plaintiffs cause of action should be deemed to have accrued no earlier than December, 1973 and the present action was timely commenced within three years thereafter.
Defendant’s motion is denied, without costs.