■ Louis H. Boorman et al., Respondents, v Bleakley, Platt, Schmidt, Hart & Fritz et al., Appellants. — In an action sounding in fraud and legal malpractice, defendants appeal from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered May 7, 1981, as granted that part of plaintiffs' cross motion which was to dismiss the affirmative defense of the Statute of Limitations as to the second cause of action for legal malpractice. Order reversed, insofar as appealed from, without costs or disbursements, cross motion denied insofar as it was to dismiss the affirmative defense in question and said defense is reinstated as to the second cause of action. Defendant law firm represented plaintiffs in a 1971 tax certiorari proceeding against the Town of Ramapo. As a result of the failure to serve the town, the proceeding was dismissed. In this action to recover damages, *inter alia,* for legal malpractice plaintiffs allege that they were never informed of the dismissal and defendants did not prosecute an appeal from the dismissal order or seek reargument. In fact, plaintiffs contend that defendants concealed the dismissal from them by informing them that the proceeding was still pending. Defendants interposed the affirmative defense of the Statute of Limitations alleging that the proceeding was dismissed in 1971 and the applicable period in which to commence an action, i.e., three years, had expired. Plaintiffs responded by arguing the continuous representation theory based on the fact that the

attorney-client relationship did not terminate until 1978. We conclude that Special Term's dismissal of the affirmative defense of the Statute of Limitations as to the second cause of action for legal malpractice was error. The continuous representation theory, imported from the medical malpractice continuous treatment theory was first extended to legal malpractice by this court in 1968 (see *Siegel v Kranis,* 29 AD2d 477, 479, 480; cf. *Borgia v City of New York,* 12 NY2d 151, 155). The cause of action under this doctrine of continuous representation does "not accrue until the attorney's representation concerning a particular transaction is terminated" (*Grago v Robertson,* 49 AD2d 645, 646; see *Gilbert Props. v Millstein,* 33 NY2d 857, 859). The 1975 enactment of CPLR 214-a, recognizing the continuous treatment theory of medical malpractice, does not preclude its extension into other professions (*Greene v Greene,* 56 NY2d 86). Plaintiffs' cross motion to dismiss defendants' affirmative defense of the Statute of Limitations should have been denied as to the second cause of action. There is a factual issue as to whether there was continuous representation until 1978. It is also unclear whether plaintiffs' legal relationship with the defendants continued as to the 1971 proceeding or to additional and different matters. Consequently, it cannot be said, as a matter of law, that plaintiffs have shown that the cause of action accrued in 1978 by utilizing the continuous representation theory. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.