OPINION OF THE COURT
Alan J. Saks, J.
Motion to dismiss action granted. Action dismissed without costs.
Plaintiff Rodney Goulding and defendant Michael Solomon are police officers. Defendant is also a certified public accountant who prepared income tax returns for Rodney Goulding and his coplaintiff wife for the tax years 1976 through 1981. During all or parts of 1976-1978, Rodney Goulding was on full-time injury leave. Defendant included the compensation he thus received as taxable income on the returns for those years, the last of which was filed by April 15, 1979. Plaintiffs contend that these payments were excludable as akin to workers’ compensation (notwithstanding that workers’ compensation does not pay full salary). Defendant disputes that position, relying on a revenue ruling issued in 1983, interpretive of the 1954 *955 Internal Revenue Code. (US Code, tit 26.) For the purposes of this motion, it is unnecessary to determine whether it was malpractice for defendant to include the payments in question at the time the 1976-1978 returns were prepared. The motion is by defendant to dismiss on the basis of the Statute of Limitations.
There appears to be no dispute that on February 24, 1982, defendant prepared and filed an amended return on behalf of plaintiffs for the 1978 tax year, based on the exclusion of such payments from taxation and that plaintiff received a substantial refund for 1978 thereby. (By February 24,1982, it was too late to file for a refund on the 1976 and 1977 returns. The time to file therefor expires three years after the return is filed.) Whether this refund was, on the one hand, made on the basis of a contrary interpretive position of the Internal Revenue Service (IRS) prior to the 1983 revenue ruling or, on the other, on the mistaken assumption that the payments were true workers’ compensation is not shown.
Plaintiffs make various arguments to the effect that this action is governed by a contract Statute of Limitations, without citation of authority, but they appear finally to concede that the three-year statute for nonmedical malpractice is applicable. (CPLR 214, subd [6].) Normally, a period of limitations runs from the time the cause of action accrues until it is interposed in litigation (CPLR 203, subd [a].) Defendant asserts that the last alleged wrongful act with respect to the 1976 and 1977 returns may not be deemed to have occurred any later than April 15,1978, the filing deadline for the 1977 returns. Therefore, he states the period of limitations for malpractice in connection with the second (1977 returns) expired on April 15, 1981. The action was commenced on June 19, 1982.
Plaintiffs, citing no authority, contend that the cause of action does not accrue, and therefore the period of limitations does not commence running, until the time to file an amended return expires. Therefore, they count six years from April 15, 1977 (three to file an amended return plus three to commence action) and arrive at a terminal date of April 15, 1983.
*956 Plaintiffs’ above contentions are clearly wrong. As a ‘ general rule, a malpractice action against an accountant for negligence in preparing an income tax return must be commenced within three years from the deadline for filing such a return. (Wilkin v Pickup & Co., 74 Misc 2d 1025.) Plaintiffs’ theory, that the statute does not run until the time to “cure” the defective return has elapsed, would create a novel rule for all professional malpractice cases. It would, in effect, cast on the professional the duty constantly to review all of his or her activities in times past (up to three years for nonmedical professionals) to ascertain and cure past malpractice. Moreover, it would be at war with the date-of-accrual rule, unless one proceeded on the untenable theory that a new act of malpractice is committed so long as a professional remains ignorant of his or her prior malpractice.
Although not argued by plaintiffs, the court has considered two other possible theories for overcoming the Statute of Limitations barrier, because it is reluctant to dismiss on nonmeritorious grounds. The first is the accounting equivalent of continuous treatment in medical malpractice, a theory that may be invoked in a proper case. If the plaintiffs here had made a factual showing that sometime reasonably soon after April 15, 1978, the 1977 tax deadline, they had consulted defendant for the purpose of amending the 1976 and 1977 returns and that defendant undertook to look into the matter and take appropriate action, a question of fact requiring submission of a continuous treatment theory to the trier of the facts might have arisen. However, the unavailability of this theory is made apparent by the plaintiffs’ contention that they did not discover the defendant’s alleged error until “1981.” Therefore, there was no continuity of services with respect to the specific tax condition involved herein. Mere continuity of the general relationship of accountant client is not sufficient to toll the statute. (See Wilkin v Pickup & Co., supra.)
The other theory that was considered by the court was whether defendant may have committed one or more new acts of malpractice after the plaintiffs discovered his alleged error in 1981. Presumably, the time to file for a refund on the 1976 returns expired on April 15, 1980, so *957 the theory, if applicable at all, could be applicable only to the 1977 returns as to which the time to apply for a refund expired on April 15,1981. On the basis of the papers before the court, there are insufficient facts to apply this theory. Neither in the complaint nor in the affidavit in opposition to the motion to dismiss do plaintiffs allege: when in 1981 they learned of the defendant’s alleged error, when they brought the same to defendant’s attention and whether he undertook to file refunds for 1976 and 1977. A new act of malpractice theory in regard to the filing of refunds could only be tenable if plaintiffs had made a prima facie factual showing that they brought defendant’s alleged error to his attention sufficiently early in 1981 for him to have prepared an amended 1977 return by April 15,1981, and that he undertook to prepare the same but neglected to do so. The court will not create an issue of fact requiring trial by speculation that such might have been the situation. Indeed, if it were to speculate at all it would surmise that plaintiffs have failed to allege such a factual predicate and to urge such a theory because such predicate is nonexistent.
Plaintiffs’ objection that this motion was not made until the case appeared on the Trial Calendar is without merit. The Statute of Limitations defense was pleaded in the answer, so plaintiffs knew it would continue to loom. Had they desired an earlier resolution of the issue, they could have moved to strike the defense.
As noted earlier, it is unnecessary for the court to consider whether summary judgment should be granted on the merits of the complaint. However, the court cannot resist observing that nowhere do plaintiffs cite any authorities to the effect that, when the original returns were filed, it was the position of the IRS to consider the payments in question on a par with workers’ compensation or that any court had so interpreted the code. A professional is not to be cast as a malpractitioner merely because he makes a judgment that others might disagree with. Lawyers and Judges constantly differ on interpretations of statutes. The core question is not whether a practitioner makes a judgment that turns out to be erroneous but whether the professional exercised that degree of care, skill and diligence that *958 members of the profession generally exercise. Were the rule to be “choose at one’s peril”, then a lawyer might be guilty of malpractice merely for deciding to bring an action that is later held to be time barred.