OPINION OF THE COURT
Harold E. Koreman, P. J.
According to the allegations contained in the proposed claim herein, in October 1968 claimant Victor J. Di Maio, a Viet Nam war veteran, consulted with and received advice from Bruce Hess, a counselor with the New York State Division of Veterans’ Affairs {see, Executive Law art 17), regarding an application for disability benefits. Pursuant to instructions received from Mr. Hess, Mr. Di Maio secured medical documents in support of his disability claim and completed the necessary forms. The papers were then submitted to the counselor who was to file them with the Veterans’ Administration. Several months later Mr. Di Maio inquired as to the status of his claim and was advised by Mr. Hess that the application had no merit and had been denied. Mr. Di Maio therefore abandoned his efforts to obtain service-connected disability benefits. On several occasions during the 1970’s Mr. Di Maio sought advice from the Veterans’ Affairs offices, particularly from Mr. Hess, regarding veteran-related issues. In 1983 he consulted with Mr. Hess’s successor, one Joseph Hill, regarding real property tax exemptions. Mr. Hill’s *102 search of claimant’s file revealed that the original 1968 application for benefits had never been submitted to the Veterans’ Administration and was thus never considered by said agency. It is alleged that Mr. Hill redated the documents and submitted them to the Veterans’ Administration, and that the Administration subsequently found Mr. Di Maio entitled to 50% disability benefits. Claimant now seeks leave to file a late claim for the 15 years of benefits lost by reason of defendant’s employee’s failure to submit his application in 1968.
The proposed claim annexed to claimant’s motion papers sets forth causes of action sounding in negligence, malpractice and fraud. It is this court’s determination that, as to the negligence and malpractice claims, we are without jurisdiction to entertain this motion since said actions accrued in 1968 and the underlying three-year Statute of Limitations has long since expired (see, Court of Claims Act § 10 [6]; CPLR 214). We cannot accept claimant’s contention that these actions first accrued in 1983 upon his discovery that the disability application had never been submitted to the Veterans’ Administration. The courts (see, e.g., Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008; Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212) have refused to extend the application of a discovery rule beyond the statutory exceptions provided by the Legislature (see, CPLR 213 [8] [fraud]; 214-a [medical malpractice actions involving foreign objects]). Nor can we accept claimant’s argument that the Statute of Limitations was tolled by virtue of a continuing professional relationship between the parties. Although Mr. Di Maio may have placed his trust and confidence in the veterans’ counselor and relied on his expertise (Siegel v Kranis, 29 AD2d 477, 480), and while the courts have extended the “continuous treatment theory” to professions other than medicine (see, e.g., Siegel v Kranis, 29 AD2d 477, 479, supra [legal malpractice]; Wilkin v Dana R. Pickup & Co., 74 Misc 2d 1025 [accountants]; County of Broome v Vincent J. Smith, Inc., 78 Misc 2d 889, 890 [architects]; see generally, Boorman v Bleakley, Platt, Schmidt, Hart & Fritz, 88 AD2d 942; see also, Greene v Greene, 56 NY2d 86, 94), we are of the opinion that this is not a proper case for the application of such a theory. On the facts presented it is clear that Mr. Di Maio’s relationship with Mr. Hess was not continuous, nor were his post-1968 contacts related to the original matter for which he now seeks to make claim (Borgia v City of New York, 12 NY2d 151, 155). Rather, the relationship was sporadic (see, Siegel v Kranis, supra) and was merely a resumption of a general counseling relationship (see, Muller v Sturman, 79 AD2d 482,484). Thus, claimant is not entitled to the applica *103 tian of the continuing treatment doctrine to extend the Statute of Limitations.
Turning to claimant’s cause of action sounding in fraud, Mr. Di Maio contends that the defendant’s employee, after failing to submit the application, deceived claimant and misled him into believing that the forms had been forwarded to the Veterans’ Administration and denied by said agency. It is further inferable from claimant’s allegations that the fact of nonsubmission was concealed from claimant until 1983. “ Tt is not claimed that affirmative and false representations were made with intent to cheat and defraud [claimant] upon reliance on which [claimant] was injured. The defendants are charged with fraudulent acts which they kept secret and concealed from [claimant] to [his] detriment and loss with intent that [claimant] should be misled. Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact (Forker v Brown, supra).’ ” (Quadrozzi Concrete Corp. v Mastroianni, 56 AD2d 353, 356-357 [citing Nasaba Corp. v Harfred Realty Corp., 287 NY 290, 295].) Based on the above statement of law it is this court’s opinion that claimant has set forth facts sufficient to allege an action for actual fraud to which a discovery accrual rule applies (CPLR 213 [8]; see also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 213:9, p 328).* Moreover, since we find that Mr. Di Maio was not aware of any facts which would have suggested that he had been deceived, he was under no duty to investigate the matter (see, Azoy v Fowler, 57 AD2d 541), and we find that the cause of action for fraud accrued in 1983 when he learned that his disability claim had not been submitted; this motion, made within two years thereof, is timely (Court of Claims Act § 10 [6]; CPLR 203 [f]; 213 [8]). We may therefore exercise our discretion to determine whether the filing of a late claim should be permitted.
In reviewing the factors set forth in Court of Claims Act § 10 (6), we conclude that this claim has a sufficient appearance of merit to permit filing. In this regard claimant alleges, inter alla, that he relied on Mr. Hess’s representation that his disability *104 claim had been submitted to and denied by the Veterans’ Administration in 1968; and that based on said representations he abandoned his efforts to secure disability compensation until 1983 when he learned that his application had not been submitted to the Veterans’ Administration. Furthermore, after discovering that the disability application had not been submitted in 1968 claimant caused the same to be forwarded to the Veterans’ Administration, and in 1984 he was notified that he was entitled to 50% disability benefits. Claimant should be permitted an opportunity to establish that he would have received disability benefits during the 15-year period subsequent to 1968 had his application been properly and timely submitted. Defendant’s affidavits are not sufficient to negate a finding of merit. While attacking the meritoriousness of claimant’s disability claim, the affidavits contain no factual data regarding Veterans’ Administration standards for determining disability; there is no firsthand information concerning policy changes made by the Administration concerning emotionally caused disabilities; and no support is provided for the medical conclusions made in the affidavits. Furthermore, based on the allegations of fraudulent concealment, any prejudice suffered by the State with respect to notice and opportunity to investigate should not be visited upon claimant. Nor do we find that claimant’s mere application for retroactive veterans’ benefits should prohibit a claim against the State for its alleged fraudulent activity. Therefore, in accordance with the foregoing and in the exercise of discretion it is ordered that claimant be permitted to file and serve a claim, in a form which complies with the foregoing decision, within 30 days of service of a copy of this order together with notice of entry.

 Although the proof at trial may establish that defendant’s employee’s actions were merely negligent, if claimant can prove that the wrongful concealment by Mr. Hess was an integral part of the negligent failure to perform a ministerial act, which failure caused damage to claimant, he will be entitled to recovery on said theory (see, Central Trust Co. v Goldman, 70 AD2d 767; cf. New York Seven-Up Bottling Co. v Dow Chem. Co., 96 AD2d 1051, affd 61 NY2d 828; see also, Santangelo v State of New York, 101 AD2d 20, 23).