HALL & COMPANY, INC., Appellant, v STEINER AND MONDORE, a Partnership, et al., Respondents. (And a Third-Party Action.)

Third Department, June 22, 1989

## APPEARANCES OF COUNSEL

*Ganz & Wolkenereit (Robert E. Ganz* of counsel), for appellant.

*De Graff, Foy, Conway, Holt-Harris & Mealey (William F. Conway* and *Jean Mahserjian* of counsel), for respondents.

## OPINION OF THE COURT

HARVEY, J.

This action for accountant malpractice, negligence and breach of contract arises out of the alleged failure of defendant Steiner and Mondore, an accounting firm, to perform its yearly "review" examination of plaintiff's financial records in a professionally competent manner. Plaintiff contends that

defendants failed to discover and bring to plaintiff's attention certain irregularities in the company's books. This prevented discovery of major embezzlements committed by plaintiff's bookkeeper, third-party defendant George Barr. Although plaintiff employed Steiner and Mondore from the early 1970s to June 1985, Barr's defalcations were not discovered until February 1986 by plaintiff's new accountants. Following commencement of this action, defendants served an answer denying certain allegations in the complaint and asserting various affirmative defenses, including contributory negligence, culpable conduct by plaintiff and the Statute of Limitations. At a later time, defendants instituted a third-party action against Barr.

Depositions were conducted in the main action including a partial deposition of Barr as a nonparty witness. After Barr's deposition, plaintiff filed a note of issue which defendants moved to strike because discovery requests were outstanding at that time. Supreme Court denied the motion to strike but granted defendants an additional three months for discovery. Plaintiff now appeals from that part of the court's order granting discovery. Following this decision, plaintiff unsuccessfully moved to dismiss the three affirmative defenses. Plaintiff also appeals from that order.

■ Initially, we reject plaintiff's contention that Supreme Court erred in granting defendants an additional three months for discovery. Supreme Court is vested with broad discretion in insuring that adequate pretrial discovery has been accomplished *(see, Plattsburgh Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1045; *see also, Watts v Peekskill Bell,* 147 AD2d 838). The general rule is that if a case is not ready for trial the note of issue must be stricken *(Bycomp, Inc. v New York Racing Assn.,* 116 AD2d 895). Here, plaintiff does not dispute that certain of defendants' discovery requests remained outstanding and that no bill of particulars had been served. Since plaintiff has not established that Supreme Court abused its discretion or that it has been prejudiced, the order permitting additional discovery must be affirmed *(see, supra).* The relief granted to defendants was less than that which could have been granted under the general rule.

■ Next, we find that Supreme Court acted properly in refusing to dismiss defendants' affirmative defenses of contributory negligence and culpable conduct by plaintiff in the

supervision of its bookkeeper *(see,* CPLR 1411).* Similar to the plaintiffs in the case of *Craig v Anyon* (212 App Div 55), defendants allege here that plaintiff negligently permitted Barr to have unsupervised check-signing authority and allowed him to keep the books without any internal controls. This situation allegedly allowed Barr to deceive defendants, the accountants who relied on his bookkeeping. Construing these allegations liberally in defendants' favor *(see, World Wide Adj. Bur. v Gordon Co.,* 111 AD2d 98), we find that defendants have sufficiently alleged negligent conduct on the part of plaintiff which might have contributed to the loss of its money and to defendants' failure to detect Barr's malfeasance *(see, National Sur. Corp. v Lybrand,* 256 App Div 226, 236). This conclusion is not altered by the fact that the services performed by defendants were that of a review, not audit, of plaintiff's records. In both types of engagements, the accountant owes a duty to the party contracting for its services to exercise due care in the performance of its duties *(Iselin & Co. v Mann Judd Landau,* 71 NY2d 420, 425; *see, 1136 Tenants' Corp. v Rothenberg & Co.,* 36 AD2d 804, *affd* 30 NY2d 585) and, therefore, should be entitled in both situations to allege culpable or negligent conduct on the part of the employer as an affirmative defense.

The issue of the Statute of Limitations is more troubling. CPLR 214 (6) establishes a three-year limitation in all malpractice actions except those involving medical malpractice. Generally, the statute begins to run on the date that the malpractice occurs *(see, Sosnow v Paul,* 43 AD2d 978, *affd* 36 NY2d 780). However, under certain circumstances, the statute is tolled during the period of time when professional services are being rendered to a plaintiff. The continuous relationship rule was first applied in medical malpractice cases. The rule tolled the statute until the last treatment for the same or related condition which gave rise to the malpractice *(Borgia v City of New York,* 12 NY2d 151).

The same rule applies to other professionals including accountants *(see, Wilkin v Pickup & Co.,* 74 Misc 2d 1025, 1027), but is not as easily applied. The mere recurrence of professional services does not constitute continuous representation where the later services performed were not related to

---

* The principles of comparative negligence have been found to be applicable in malpractice cases *(see, e.g., Suria v Shiffman,* 67 NY2d 87; *Russo v Jess R. Rifkin, D.D.S., P.C.,* 113 AD2d 570; *cf., Galvin v Cosico,* 90 AD2d 656).

the original services *(Goulding v Solomon,* 123 Misc 2d 954; *see, Greene v Greene,* 56 NY2d 86, 95). Plaintiff argues that defendants undertook an obligation in the early 1970s to perform annual reviews and that obligation continued until 1985. "[A] person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered" *(Greene v Greene, supra,* at 94). It is our conclusion that plaintiff's contention that the continuous representation rule applies here is meritorious. Defendants' service to plaintiff was continuous and performed in the same manner for the same purpose until 1985.

Supreme Court refused to dismiss defendants' Statute of Limitations affirmative defense because it concluded that there was insufficient evidence to determine whether the action was time barred. We disagree. On the basis of the allegations of the complaint admitted in the answer, affidavits and discovery contained in the record, we can only conclude that if any malpractice occurred the statute did not begin to run until 1985. The action was commenced in 1986. During the period of 1982 through 1984, when most of the defalcations took place, there was a continuous representation of plaintiff by defendants and, therefore, plaintiff's action is not time barred.

KANE, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Order entered June 1, 1988 affirmed, without costs.

Order entered December 15, 1988 modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defense of the Statute of Limitations; motion granted to that extent and said affirmative defense dismissed; and, as so modified, affirmed.