■ FRED SMITH PLUMBING AND HEATING Co., INC., Appellant, v EDWARD F. CHRISTENSEN et al., Respondents. [649 NYS2d

684] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 7, 1996, which granted defendants' motion pursuant to CPLR 3212 for partial summary judgment dismissing the first, second, fourth and fifth causes of action of plaintiff's complaint, unanimously reversed, on the law, without costs, and defendants' motion is denied and said cause of action reinstated.

The dismissed causes of action in this accountant malpractice action alleged claims based upon defendants' failure to properly advise plaintiff with respect to, *inter alia*, the reasonableness of its executive compensation and the option of electing Subchapter S status. Plaintiff alleged that the defendants' failures resulted in substantial additional tax liability as a result of a 1990-1991 Internal Revenue Service audit involving plaintiff's 1988, 1989 and 1990 tax returns, in which a large portion of the compensation paid to plaintiff's sole shareholder / president and his wife, who held the office of vice-president, was disallowed.

Defendants in support of the motion to dismiss maintained that any causes of action relating to the tax returns in question accrued upon plaintiff's receipt of the returns in question as the services rendered and advice given were specific to each distinct tax year. In opposition, plaintiff's president submitted an affidavit in which he stated that defendants regularly advised plaintiff with respect to tax issues, specifically discussed the tax consequences of its executive compensation at the end of each calendar and tax year, prepared its tax returns for the years in question, performed other general accounting duties for plaintiff and represented plaintiff in connection with the 1990-1991 audit. The defendants were discharged as plaintiff's accountants in May of 1992 and this action was commenced on March 17, 1994.

A cause of action alleging professional malpractice, i.e., that a professional failed to perform services with due care and in accordance with the recognized and accepted practices of the profession, is governed by the three year Statute of Limitations applicable to negligence actions stated in CPLR 214 (6) (*Ackerman v Price Waterhouse*, 84 NY2d 535, 541). Where the cause of action alleges malpractice against an accountant, the claim accrues upon receipt of the accountant's work product as that is the juncture at which a client reasonably relies on the professional's skill and advice (*supra*). Under certain circumstances, the Statute of Limitations is tolled during the period of time when professional services are being rendered. The continuous relationship rule, first applied in medical malprac-

tice cases (*see, Borgia v City of New York*, 12 NY2d 151), has been held applicable to other professionals, including accountants (*Hall & Co. v Steiner & Mondore*, 147 AD2d 225, 228). Upon our review of the record as developed thus far, we find that, at the very least, questions of fact exist as to whether the services rendered to plaintiff by defendant, which formed the basis of the dismissed causes of action, constituted a continuous relationship which ended with plaintiff's discharge of defendants (*compare, Hall & Co. v Steiner & Mondore, supra, and Zwecker v Kulberg,* 209 AD2d 514, 515 [continuous representation rule applied to repeated use of the same improper deduction in successive tax returns to find malpractice claim timely brought]). Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.