717 A.2d 876 (1998)
Valerie ANDERSON, Appellant,
v.
Theodore R. GEORGE, Appellee.
No. 97-CV-1109.
District of Columbia Court of Appeals.
Argued June 15, 1998.
Decided September 10, 1998.
*877 Thomas S. Rand, Rockville, MD, for appellant.
James M. Heffler, Rockville, MD, with whom Diane M. Fruchter, Fairfax, VA, was on the brief, for appellee.
Before STEADMAN, KING and REID, Associate Judges.
REID, Associate Judge:
The central question posed by this appeal is whether the trial court erred in concluding that appellant Valerie Anderson's complaint for medical malpractice is barred by the statute of limitations. Ms. Anderson filed her complaint more than three years after the surgical procedure which is the subject of her complaint. However, she remained under defendant's care until her discharge from the hospital and timely filed the complaint measured by the discharge date. We hold that the continuous treatment rule is applicable to medical malpractice cases in the District of Columbia, and remand this matter to the trial court for further proceedings consistent with this opinion.
Ms. Anderson's complaint alleged that on February 4, 1994, appellee, Dr. Theodore George, performed a laparoscopic tubal sterilization on her at the Washington Hospital Center. She was discharged on the same day. Subsequently, on February 6, 1994, she underwent emergency surgery after complaining of abdominal pain. On February 9, 1994, Ms. Anderson experienced nausea and vomiting. She was discharged from the hospital on February 13, 1994. Dr. George's medical report concerning the February 4 procedure was not signed until March 4, 1994. He also dictated a discharge summary on March 4, 1994, and signed it on April 8, 1994.
Ms. Anderson filed her complaint on February 13, 1997, alleging that she obtained her medical records in April 1994, and that she was "injured or damaged" during the February 4, 1994 procedure, "and/or" that the February 4 procedure was "performed ... without proper authorization." In an order dated June 4, 1997, the trial court granted Dr. George's motion to dismiss Ms. Anderson's complaint under Super. Ct. Civ. R. 12(b)(6), stating in part:
In the instant case, the fact of injury was readily determinable by the plaintiff, who complained of abdominal pain and underwent emergency surgery almost immediately after the initial surgery on February 4, 1994. Even in the light most favorable to plaintiff, the injury occurred during the emergency surgery performed on February 6, 1994. It is undisputed that plaintiff's complaint was filed on February 13, 1997, more than three years after plaintiff's injury actually occurred.
Neither the date that plaintiff was a patient of defendant nor the date the discharge summary was signed creates a genuine issue of material fact as to when plaintiff's cause of action accrued. The fact remains that plaintiff was, or in the exercise of reasonable diligence should have been, fully aware of her injuries at the time the surgery was performed. Therefore, her claim was untimely filed and is barred by the statute of limitations.
The trial court relied on language in Colbert v. Georgetown Univ., 641 A.2d 469, 472 (D.C. 1994) (en banc) stating that if "the fact of an injury can be readily determined, a claim accrues for the purposes of the statute of limitations at the time the injury actually occurs." Id. (citations omitted).
Ms. Anderson contends that our decision in R.D.H. Communications, Ltd. v. Winston, 700 A.2d 766 (D.C.1997) is relevant to her complaint. In that case, involving a legal malpractice action, we "h[e]ld that the continuous representation rule is applicable in the District of Columbia."[1]Id. at 768. "[U]nder *878 the continuous representation rule the cause of action is tolled until the attorney ceases to represent the client in the specific matter at hand." Id. We remanded R.D.H. Communications, Ltd. because the question as to "when the [legal] representation ... terminated is a question of fact that should be answered...." Id.
R.D.H. Communications, Ltd. was not decided until September 18, 1997, approximately three months after the trial court signed the order in this case. In adopting the continuous representation rule we said, inter alia: "The reasoning behind the continuous representation rule is similar to that of the continuous treatment rule in medical malpractice actions and, in fact, the continuous representation rule is often considered an adaptation of the latter doctrine." Id. at 769 (citations omitted). "Both relationships (physician/patient and attorney/client) are `marked by trust and confidence,' present an aspect `not sporadic but developing,' and both the patient and the client are `necessarily at a disadvantage to question the reason for the tactics employed or the manner in which the tactics are executed.'" Id. at 770 (quoting Siegel v. Kranis, 29 A.D.2d 477, 288 N.Y.S.2d 831, 834 (App.Div.1968)). We reasoned that the statute of limitations must be tolled in such situations because "it would be ludicrous to expect a patient to interrupt a course of treatment by suing the delinquent doctor." Id. (quoting Siegel, supra, 288 N.Y.S.2d at 834).
We see no principled basis to distinguish R.D.H. Communications, Ltd. and its reasoning from the medical malpractice case before us. Consistent with our approach in R.D.H. Communications, Ltd., we now hold that the continuous treatment rule is applicable in the District of Columbia. Thus, in medical malpractice actions involving continuing treatment for the same or related illness or injury, the cause of action is tolled until the doctor ceases to treat the patient in the specific matter at hand. See id. at 768; see also Justice v. Natvig, 238 Va. 178, 381 S.E.2d 8 (Va.1989); Borgia v. City of New York, 12 N.Y.2d 151, 237 N.Y.S.2d 319, 187 N.E.2d 777, 778-79 (N.Y.1962).
Accordingly, this case is remanded for further proceedings consistent with this opinion.
So ordered.
NOTES
[1] We stated that under the continuous representation rule, "`when the injury to the client may have occurred during the period the attorney was retained, the malpractice cause of action does not accrue until the attorney's representation concerning the particular matter in issue is terminated.'" R.D.H. Communications, Ltd., supra, 700 A.2d at 768 (quoting Weisberg v. Williams, Connolly & Califano, 390 A.2d 992, 995 (D.C.1978)).