■ JILL DRUMMOND, Respondent, v MICHAEL PETITO et al., Appellants, et al., Defendants. [705 NYS2d 363] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 1, 1999, granting plaintiff's motion for leave to amend the complaint and denying defendants-appellants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly exercised its discretion in granting plaintiff's motion for leave to amend her complaint since appellants, in opposing the motion, failed to demonstrate that the grant of leave would be prejudicial to them (*see*, CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957; *Martin v Briggs*, 235 AD2d 192, 199). Also proper was the motion court's denial of appellants' motion to dismiss the action as time-barred, since the evidence presented by plaintiff in support of her claim that she had been continuously repre-

sented by appellants, even if not conclusive, was sufficient to raise triable issues as to whether the running of the statutory period had been tolled (*see, Ackerman v Price Waterhouse*, 252 AD2d 179, 204-206; *Smith Plumbing & Heating Co. v Christensen*, 233 AD2d 207). Moreover, the appropriate limitations period is six years since the damages, as alleged, arise out of the contractual relationship between plaintiff and appellants and the action was commenced prior to the 1996 amendment of CPLR 214 (6) (*see, Ackerman v Price Waterhouse, supra*). Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.