RECEIVED & FILED

MAR 03 2004

ANDROSCOGGIN
SUPERIOR COURT

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-213
EAG -AND- 3 3/8/06

GERARD K. CARON,
Plaintiff

v.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

GORDON SMITH,
Defendant

DONALD L. GARBRECHT
LAW LIBRARY

MAR 8 2004

## PROCEDURAL HISTORY

On November 14, 2003, Gerard Caron initiated a lawsuit against Gordon Smith in the Androscoggin County Superior Court. His complaint asserted that, in 1995, Smith had filed federal and state tax returns for the estate of his father, Arsene Caron. Caron also asserted that Smith had made one or more errors in the preparation or filing of those returns, and that the errors had cost the plaintiff over $40,000.00 in taxes, interest, and penalties. In his answer, Smith denied that he had been hired by Caron, admitted filing returns on behalf of the Arsene Caron estate, and denied any errors or negligence. Smith also asserted the statute of limitations and a failure to properly join all parties as affirmative defenses.

On January 27, 2004, Smith filed a motion for summary judgment, based upon his argument that this action was barred by the six-year statute of limitations found in 14 M.R.S.A. § 752, and that plaintiff did not have standing to make a claim against him. With his motion he included short and concise statements of material fact.

On January 28, 2004, plaintiff filed a motion to amend the complaint to identify himself as the personal representative of his father's estate. On February 6, 2004, he filed his objection to the defendant's motion for summary judgment, properly

admitting, denying, or qualifying each of the defendant's statements. He also asserted six of his own statements of material fact. Defendant did not respond to the plaintiff's statements in a timely fashion. M.R. Civ. P. 7(e) allows the filing of replies to opposing memoranda within seven (7) days. In addition, M.R. Civ. P. 56(h)(3) requires that a party replying to the opposition for a motion for summary judgment shall submit with his reply a statement of material facts that "shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement . . . ." Smith's reply was filed on March 1, 2004, well beyond the seven-day reply period, does not contain a separate, short and concise statement of material facts, and does not admit, deny, or qualify Caron's statement of material facts.

Therefore, plaintiff's factual statements that are supported by record references referring to evidence of a quality that could be admissible at trial will be accepted by the court. A portion of #8 is an assertion of law rather than fact, and cannot be accepted.[1]

Without objection, the defendant's motion to amend the complaint was granted on February 20, 2004. With that ruling, that portion of defendant's motion that suggests that Caron did not have standing became moot. Therefore, only the timeliness of the plaintiff's complaint will be addressed in this order.

## DISCUSSION

The standards for deciding motions for summary judgment have been addressed in many cases, including *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. There, the Law Court stated:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of

---

[1] That portion is: "Defendant was obligated to act within the said three-year 'window' deadline to correct the subject tax returns pursuant to his prevailing professional obligations."

law. *See Petillo v. City of Portland*, 657 A.2d 325, 326 (Me. 1995). In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. *See Gerber v. Peters*, 584 A.2d 605, 607 (Me. 1990) (citing Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 357 (2d ed. Supp. 1981).

A contested fact is "material" if it could change the outcome of the case. *See Steinke v. Sungard Fin. Sys., Inc.*, 121 F.3d 763, 768 (1st Cir. 1997); *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

As mentioned above, Gordon Smith was hired by the Estate of Arsene Caron to prepare an estate tax return. DSMF 1. He filed a federal estate tax return for the Caron estate on June 15, 1995, and a state estate tax return on September 8, 1995. DSMF 2 and 3. Smith performed no other work for the estate after September 8, 1995. DSMF 4. This suit is based upon a claim that Smith made errors in the preparation of those returns. For purposes of this motion, because Smith did not deny PCSMF 7, and because that statement is properly supported, the court has accepted that Smith did make the errors claimed.

Title 14 M.R.S.A. § 752 establishes a six-year statute of limitations for most civil actions, including this case:

> All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specially provided.

Applying this provision to the facts of this case, the causes of action accrued on June 15 and September 8, 1995, and the last date for initiating an action based upon Smith's errors was September 8, 2001. As noted above, this suit was filed more than two years later, on November 14, 2003.

3

Plaintiff has argued, however, that the causes of action accrued on June 21, 1998. This argument is based upon the language of the retention letter that began Smith's obligation to the estate. In his November 21, 1994 retention letter to Smith, Attorney Roscoe Fales wrote:

> This will confirm that you are undertaking the responsibility for meeting all deadlines connected with tax returns, and specifically, the 706 Return deadline due December 21, 1994.

Plaintiff is arguing that the inclusion of this language acts as a three-year extension to the date the action accrued, because the errors found in the federal return could have been corrected within three years after it was filed:

> (a) Period of limitation on filing claim. Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

I.R.C. § 6511. This argument also appears to be based upon an assertion that Smith's "client," i.e., the estate of Arsene Caron, requested that he file an amended return within that three-year window.

This assertion is contained in paragraph 4 of the affidavit of the plaintiff's expert, Mark Filler, C.P.A., and is, at best, hearsay. Therefore, the court cannot accept the assertion. However, because Smith failed to timely assert that he had not been asked to amend the returns, the record is left in limbo.

If Smith had not been asked to amend the returns, this action would be barred by the Statute of Limitations. Maine has not adopted a "discovery" start date for most

4

torts, even those involving some professionals;[2] the allegedly negligent actions by Smith occurred in June and September of 1995. In the only case directly on point found by the court, the Civil Court of the City of New York held:

> As a general rule, a malpractice action against an accountant for negligence in preparing an income tax return must be commenced within three years from the deadline for filing such a return. Plaintiffs' theory, that the statute does not run until the time to "cure" the defective return has elapsed, would create a novel rule for all professional malpractice cases. It would, in effect, cast on the professional the duty constantly to review all of his or her activities in times past (up to three years for nonmedical professionals) to ascertain and cure past malpractice. Moreover, it would be at war with the date-of-accrual rule, unless one proceeded on the untenable theory that a new act of malpractice is committed so long as a professional remains ignorant of his or her prior malpractice.

*Goulding v. Solomon*, 475 N.Y.S.2d 723, 725 (N.Y. Civ. Ct. 1984). Although the *Goulding* case has no precedential value, its reasoning is convincing.

Whether Smith was asked to prepare and file amended returns is an issue of fact that will determine whether the plaintiff may proceed with this case. On the record provided, the court cannot find that he was not asked to do so. Therefore, defendant's motion cannot be granted.

## ORDER

For the reasons stated above, defendant's motion for summary judgment is denied.

The clerk is directed to incorporate this order by reference in the docket for this case.

Dated: *March 3, 2004*

_____
Ellen A. Gorman
Superior Court Justice

---

[2] E.g., the discovery rule does not apply in cases of legal malpractice, except for the exceptions listed in the statute. 14 M.R.S.A. § 753-A.

David Van Dyke
Plaintiff

Richard Golden
Def.