Chief Judge Desmond.
The infant plaintiff and his father took judgment against the City of New York on a jury’s verdict which imported a finding that the infant’s injuries were caused *155 by the malpractice and negligence of physicians and nurses employed by the city in one of its hospitals. The city admits that there was evidence of such negligent causation. The Appellate Division, however, reversed the judgment on the law alone and dismissed the complaint, solely on the ground that the notice of claim against the city, which is a precedent to recovery (Administrative Code of City of New York, § 394a-1.0, subd. c), was not given within the time set by section 50-e of the General Municipal Law, that is, within 90 days after the claim accrued. The law question is: does such a claim “ accrue ” on the date of a negligent act or omission, or at the end of a continuous course of medical treatment by the accused hospital?
The child was admitted to the hospital on October 10,1956 and discharged therefrom on February 14,1958. The notice of claim was filed with the city 63 days later, that is, on April 18, 1958. The city argues that there can be no recovery for injuries inflicted more than 90 days prior to that notice and that the several negligent acts here complained of all took place on dates (October 11,1956; April 22, May 5 and November 25,1957) much earlier. We must, therefore, decide whether the 90-day period begins to run at the last date of malpractice or at the end of continuous treatment or hospital-patient or physician-patient relationship. The city’s brief acknowledges that “ New York precedent does not foreclose adoption of either view ” but urges that “ the sounder position is to begin the limitation period with the last act of malpractice rather than with the cessation of treatment.” We do not agree. We hold that at least when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint, the “ accrual ” comes only at the end of the treatment.
Preliminarily, we note that the same rule must be applied whether we are passing on a true Statute of Limitations problem (Civ. Prac. Act, § 49, subd. 6; § 50, subd. 2) or a section 50-e dispute. The question is the same: when did the claim or cause of action “ accrue ”? This court has never had to decide whether in the case of continuous treatment “ accrual ” is postfoned until treatment ends, but in Hammer v. Rosen (7 N Y 2d 376, 379 [1960]) we forecast an affirmative answer. Hammer v. Rosen is not an actual application of the ‘ ‘ continuous treat *156 ment ” rule since in that case there was within the two years not only treatment but malpractice. But the Hammer-Bosen opinion referred (p. 380) to “ a continuing course of psychiatric treatment ’ ’ and, more significantly, cited with approval a number of decisions at least five of which plainly say that where there has been continuing treatment time limitation does not start until treatment ends (Schanil v. Branton, 181 Minn. 381, 382; De Haan v. Winter, 258 Mich. 293, 296-297; Williams v. Elias, 140 Neb. 656, 660; Peteler v. Robinson, 81 Utah 535, 546; Sly v. Van Lengen, 120 Misc. 420).
In approving the “ end of continuous treatment ” formula for computing time limitations in these matters, we are making no rash or sudden break with precedent. As pointed out by a recent writer (Lillich, Syracuse L. Rev., Fall ed., 1962, p. 42; see, also, the same author’s earlier article in 47 Corn. L. Q. 339-343), New York courts have been making such rulings since 1923 (Sly v. Van Lengen, 120 Misc. 420, supra). Hammer v. Rosen (7 N Y 2d 376, supra) indicated concurrence therewith and such has been the uniform trend in our State except for the Second Department’s two decisions in Borgia (the present case) and Gross v. Wise (16 A D 2d 682). The out-of-State cases listed above and cited by us in Hammer v. Rosen (supra) are of respectable age also, dating back as they do to the years between 1930 and 1941.
Little argument is needed to prove the proposition that the “ continuous treatment ” theory is the fairer one. It would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on the physician or hospital superintendent or by filing a notice of claim in the case of a city hospital. The case now under review will illustrate. This child by reason of the hospital personnel’s negligence suffered permanent brain damage at the hospital on the night he was admitted and on three later occasions was a victim of neglect amounting to malpractice. Acceptance by us of the city’s argument that the 90 days ran from the last malpractice would mean that, if the child had remained in the hospital a few days longer than he did, the 90-day period would have expired while he was still a patient receiving care and treatment related to the conditions produced by the earlier wrongful acts and omissions of defendant’s employees.
*157 We are warned of dire results from this holding. Patients, we are told, will use this decision to justify suits brought years later. But this assumes that, so long as a patient continues to consult the same physician for any kind of illness, the time to sue as to any kind of malpractice will never start to run. We are creating no such situation. The “ continuous treatment ” we mean is treatment for the same or related illnesses or injuries, continuing after the alleged acts of malpractice, not mere continuity of a general physician-patient relationship.
Since we are holding that the notice was given in time, we need not pass on plaintiffs’ assertions that the city waived or is estopped from taking advantage of the alleged delay in filing. As to other procedural positions taken by plaintiffs, we hold: (1) that the Appellate Division’s order denying plaintiffs’ motion to consolidate the cross appeal with defendant’s appeal is not presently reviewable under section 580 of the Civil Practice Act; (2) the Special Term order granting defendant’s motion to amend its answer is not before us since it was never appealed to the Appellate Division (as it turns out that amendment was not prejudicial to plaintiffs); and (3) the adult plaintiff’s attempted appeal from the trial court’s reduction of his separate verdict is not reviewable since he stipulated to such reduction and, accordingly, is not a 11 party aggrieved ’ ’ (see Enslein v. Hudson & Manhattan R. R. Co., 5 N Y 2d 778; Civ. Prac. Act, § 584-a).
Plaintiffs’ appeals discussed in the paragraph next above should be dismissed. The judgment should be reversed, with costs in this court and in the Appellate Division, and the judgment of the trial court reinstated.