John M. KOSSICK, Plaintiff,

v.

UNITED STATES of America,
Defendant.

United States District Court
S. D. New York.

Oct. 10, 1963.

Jacob Rassner, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for defendant; Louis E. Greco, Walter L. Hopkins, New York City, of counsel.

McLEAN, District Judge.

This is an action under the Federal Tort Claims Act (28 U.S.C. § 1346(b) and Section 2671 et seq.) by a seaman to recover damages for injuries allegedly caused by malpractice of physicians and nurses employed by defendant at a United States Public Health Service Hospital in New York. Defendant's answer pleads the statute of limitations. Plaintiff has moved under Rule 12(b) to strike that defense as insufficient. Defendant has moved under Rule 56 for summary judgment on the ground that the defense is a complete bar to this action. Each motion raises the same question of law, i. e., when does such a claim "accrue" within the meaning of 28 U.S.C. § 2401 (b) which provides:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

On the summary judgment motion plaintiff has not controverted in any way defendant's statement of material facts. Consequently under General Rule 9(g) those facts are deemed admitted. Apart from the rule, I am satisfied from the affidavits that there is no genuine issue as to any fact material to the question of the statute of limitations.

The facts are that the alleged malpractice occurred on August 29, 1950, that plaintiff was aware of the malpractice and of the nature and cause of his injuries in the spring of 1951, and at that time he consulted an attorney about beginning an action to recover for these injuries. No action was begun, however, until plaintiff, through another at-

torney, instituted the present suit on April 4, 1963.

■ Plaintiff claims that under the law of New York as represented by Borgia v. City of New York, 12 N.Y.2d 151, 237 N.Y.S.2d 319, 187 N.E.2d 777 (1962), the cause of action does not accrue until the physician-patient relationship terminates, and that in this case, the relationship has never terminated, or in any event that it did not terminate until some date less than two years before this action was begun. It is unnecessary to consider whether this is the test under New York law or whether, if it is, an issue of fact exists here as to whether or when the physician-patient relationship terminated. Although no case in this circuit on the point has been found, the marked weight of authority, and in my opinion the better view, in other circuits is that the question of when a claim under the Federal Tort Claims Act accrues is a question of federal law, not of state law. Quinton v. United States, 304 F.2d 234 (5th Cir. 1962); Hungerford v. United States, 307 F.2d 99 (9th Cir. 1962); Bizer v. United States, 124 F. Supp. 949 (N.D.Calif.S.D.1954); Foote v. Public Housing Commissioner of the United States, 107 F.Supp. 270 (W.D. Mich.S.D.1952); Contra, Tessier v. United States, 269 F.2d 305 (1st Cir. 1959).

■■ As a matter of federal law, when does a claim for malpractice accrue? It was held in both Quinton v. United States, supra, and Hungerford v. United States, supra, that it accrues when plaintiff discovers the acts constituting the malpractice, or when, in the exercise of due diligence, he should have discovered them. In Bizer v. United States, supra, the court held, on the particular facts of that case, that the claim accrued when the malpractice occurred. The court found on the facts that plaintiff knew of the malpractice at that time, hence the date of injury and the date of plaintiff's discovery were the same. The court rejected the theory that the date of accrual should be postponed until the termination of the physician-patient re-

lationship. No federal case has been found in which that theory was adopted. Under these circumstances, I will follow the decisions in Quinton v. United States, supra, and Hungerford v. United States, supra. Accordingly, I hold that the claim accrued when plaintiff knew or should have known of the acts constituting the malpractice. It is undisputed that he knew of those acts some twelve years before he began his action. Accordingly, the statute of limitations is a bar.

Plaintiff's motion is denied. Defendant's motion for summary judgment is granted. The complaint is dismissed.

So ordered.