**Settimo ACCARDI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 68 Civ. 1214.**

United States District Court,
S. D. New York.
March 22, 1973.

Raymond L. Falls, Jr., New York City, for plaintiff; Lawrence C. Browne, Anthony J. Constantini, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, New York City, for United States of America; A. W. Fargo, III, Howard S. Sussman, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, extradited from Italy to this district to face criminal charges upon which he was convicted and sentenced to a term of imprisonment, commenced this action under the Federal Tort Claims Act. His complaint alleges that throughout the period of extradition, detention, trial and imprisonment he was denied required medical attention. He now moves to amend his original complaint of inadequate medical treatment to allege (1) a substantially similar but expanded claim; (2) a cause of action against the United States, charging cruel and unusual punishment in violation of the Eighth Amendment; and (3) a separate cause of action upon the same ground against eleven government employees not previously named as defendants. The defendant opposes plaintiff's motion for leave to serve an amended complaint and cross-moves to dismiss the present complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant further moves pursuant to 28 U.S.C., section 1406(a), to dismiss the action for lack of proper venue.

## THE MOTION TO DISMISS THE FEDERAL TORT CLAIM

This action was commenced by plaintiff pro se on March 26, 1968, while incarcerated in federal prison in Atlanta, Georgia. He sought damages in the sum of one million dollars from the government for personal injuries allegedly caused by the negligent acts or omissions of its employees from the time of his extradition in November 1963 until March 26, 1968. The substance of his charges is the failure to accord him appropriate medical care and treatment, commencing with his extradition; also while confined in this district prior to and during his trial, and thereafter during his confinement at the Atlanta Penitentiary following his conviction. Plaintiff's proposed amendment of his first cause of action alleges, with slight variations, a substantially similar cause of action, and defendant's motion to dismiss this claim may be considered with respect to the allegations of the present and proposed complaint.

Essentially the government contends this court lacks subject matter ju-

risdiction over any claim that accrued before March 26, 1966 (two years prior to the commencement of this action), or after January 18, 1967 (the effective date of the amendment requiring the exhaustion of administrative remedies prior to the filing of a tort claims action),[1] since it is acknowledged that plaintiff has not filed an administrative claim against the United States with any federal agency. Plaintiff resists the motion by reliance upon the "continuous treatment" rule, first enunciated in *Borgia* v. *City of New York*,[2] and thereafter approved in *Kossick* v. *United States*,[3] that the statute of limitations for a claim of malpractice does not begin to run so long as the plaintiff is under continuous treatment for the ailment as to which the malpractice occurred, or for the malpractice itself. To prevent the statute from running, however, the "continuous treatment" must actually be continuous. The *Kossick* court questioned "whether merely occasional hospital visits at substantial intervals, and those for examination or minor treatment to alleviate sequelae of the injury rather than for further cure, would prevent accrual of the claim."[4]

■ Plaintiff's proposed amended complaint alleges that from November 1963 until his release on parole from the Atlanta Penitentiary in May 1972, during which period he suffered various illnesses and ailments, the defendant failed to provide adequate medical treatment, as a result of which his eyesight was impaired and he sustained other injuries. Events, and defendant's alleged negligent conduct with respect to such

events, are set forth, including the collapse of plaintiff in December 1963 during the course of judicial proceedings in this district, as a result of which plaintiff claims he was hospitalized at Bellevue Hospital for thirty-four days. He further alleges that beginning with that hospitalization and continuing well beyond March 26, 1966 (two years before the commencement of this action on March 26, 1968), he underwent a continuous course of medical treatment by the defendant, referable to the injuries he received in December 1963, as well as to other ailments suffered in this district, which he contends was inadequate, and therefore his action was timely commenced. The medical records produced by the government confirm that plaintiff did receive treatment at Bellevue Hospital in this city and at the Atlanta Penitentiary on both a hospital and outpatient basis from December 1963 until at least 1967. The government, however, replies that the continuous treatment rule is inapplicable to any claim which accrued prior to March 26, 1966, since it appears from the face of the original, as well as the proposed, complaint that plaintiff was aware, or should have known, of the alleged failure of the defendant to provide him adequate medical treatment when he collapsed in December 1963, and accordingly all claims that accrued prior to March 26, 1966 are time barred. It makes a collateral argument that the continuous treatment rule is inapplicable because plaintiff was treated for ailments unrelated to the injuries sustained in December 1963. But whether the nature of

1. 28 U.S.C. § 2401(b), which in pertinent part provided: "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues . . . ," was amended on July 18, 1966. The amendment, effective with respect to claims accruing on or after January 18, 1967, provides that such a claim shall be barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." Additionally, 28 U.S.C. § 2675(a), as amended on July 18, 1966, with respect to those

claims accruing on or after January 18, 1967, provides that no such action against the government shall be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."

2. 12 N.Y.2d 151, 237 N.Y.S.2d 319, 187 N.E.2d 777 (1962).

3. 330 F.2d 933, 936 (2d Cir. 1964).

4. Id.

the acts of commission and omission occurring in this district were such that the plaintiff knew or should have known that adequate medical treatment was not to be forthcoming,[5] whether the treatment administered by defendant subsequently, which extended into at least 1967, related to the events of December 1963, present issues of fact, the determination of which must await trial.

The government contends, however, that assuming the plaintiff's continuous treatment extended beyond March 26, 1966 and in consequence the plaintiff's claim is not barred by section 2401(b), as it existed prior to its amendment, plaintiff's cause of action did not accrue until the termination of the continuous treatment, which occurred sometime after January 18, 1967, the effective date of the amendment of sections 2401(b) and 2675(a); and the argument proceeds that since no administrative claim was filed as required by those amended sections, plaintiff is barred from prosecuting this suit.[6] The defendant's position, however, derives from a misapprehension concerning the nature of the continuous treatment rule. The unarticulated premise upon which its argument depends is that the rule prevents an action from accruing until the termination of the "continuous treatment." But the rule does not prohibit a plaintiff from commencing suit at the time of his injury. As Judge Friendly wrote for the court in *Kossick,* "[a]lthough [plaintiff] could have begun a suit at that time [when he discovered the injury], we do not say for purposes of § 2401(b) the two-year period began to run so soon."[7] Viewed realistically, the continuous treatment rule operates as a tolling provision; the victim may bring suit as soon as the alleged in-

jury is suffered, but the running of the statute of limitations is tolled for the period during which he undergoes treatment for the injury and refrains from bringing suit. Consequently, since sections 2401(b) and 2675(a), as amended, require that a prior administrative claim be filed only in actions "accruing" on or after January 18, 1967, they have no application to plaintiff's claims concerning negligent acts and omissions occurring before that date, which accrued at the time of their occurrence, but were tolled as long as he was under continuous treatment for conditions or illnesses arising out of such alleged negligent conduct.

Accordingly, defendant's motion to dismiss the Federal Tort Claims Act cause of action pursuant to Rule 12(c) is denied,[8] and plaintiff's motion to serve his proposed amended complaint is granted as to this claim.

## THE MOTION TO ADD THE EIGHTH AMENDMENT CAUSES OF ACTION

Although the two new proposed causes of action raise the novel question of whether *Bivens* v. *Six Unknown named Agents of Federal Bureau of Narcotics*[9] should be extended to permit damage actions against the United States and its officers and agents for alleged violations of the Eighth Amendment, there is no need to resolve the issue because the allegations of the amended complaint are insufficient to establish cruel and unusual punishment. Plaintiff, in support of his claim that the inadequate medical treatment provided him while in custody constituted cruel and unusual punishment, relies upon the same allegations contained in his amended Federal Tort Claims Act cause of action. The thrust of his com-

---

5. *Cf.* Cooper v. United States, 442 F.2d 908, 912 (7th Cir. 1971); Kossick v. United States, 330 F.2d 933, 936 (2d Cir. 1964).

6. *See* note 1 *supra.*

7. 330 F.2d at 936.

8. Defendant's motion to dismiss under 28 U.S.C. § 1406(a) for improper venue must also be denied, because venue in this district is proper for any acts or omissions which occurred in New York City prior to plaintiff's transfer to Atlanta.

9. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

plaint is that "defendant has negligently failed to provide needed and proper medical diagnosis, treatment, or care, and has negligently failed, in controlling his movements and housing him while in custody, to act with due consideration for his health with the result that plaintiff has been seriously injured." [10] Our Court of Appeals has held, however, that "[m]ere negligence in giving or failing to supply medical treatment alone will not suffice" to establish an Eighth Amendment violation.[11] "It is difficult to imagine a case where a valid constitutional claim grows out of negligent medical treatment alone." [12] Unlike *Martinez* v. *Mancusi*,[13] upon which plaintiff relies, where prison authorities defied the express orders of the operating surgeons and hospital attendants not to remove a prisoner, there are no allegations of any conduct within this district which "shocks the conscience." He does not charge that medical directives were disobeyed nor that there was an intent to injure him.

Plaintiff's strongest allegation of mistreatment in this district is that on the day following his arrival in New York he was twice interrogated despite the fact that "[t]hroughout these interrogations plaintiff protested that he was in severe pain and requested medical attention and relief, which he did not receive." [14] The medical records reveal, however, that plaintiff did receive medical treatment on November 13, 1963, the day after his arrival. What plaintiff alleges is actually a mistake in judgment —that the authorities failed to provide him with effective relief or to treat him with due consideration for his ailments. There was no "wilful refusal to treat a known ailment," but at most "the mere

exercise of faulty judgment," which does not rise to the level of cruel and unusual punishment.[15]

Consequently, leave to amend for the purpose of adding the proposed second and third causes of action is denied.

10. ¶ 11.

11. *Church v. Hegstrom*, 416 F.2d 449, 451 (2d Cir. 1969).

12. McCabe v. Nassau County Medical Center, 453 F.2d 698, 704 (2d Cir. 1971).

13. 443 F.2d 921 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L. Ed.2d 335 (1971).

14. ¶ 8.

15. United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867 (2d Cir. 1970); *see also* Church v. Hegstrom, 416 F.2d 449, 451 (2d Cir. 1969).