◼ WILLIAM FREW, as Administrator of the Estate of GEORGE FREW, Deceased, Respondent, v HOSPITAL OF ALBERT EINSTEIN COLLEGE OF MEDICINE DIVISION OF MONTEFIORE HOSPITAL & MEDICAL CENTER, Defendant, and ROBERT FRATER, Appellant.—In a medical malpractice action in which damages are sought for personal injuries and wrongful death, defendant Frater appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County, dated June 15, 1979, as denied that part of his motion which was to dismiss certain causes of action and granted that part of plaintiff's cross motion which was to dismiss certain affirmative defenses. Order modified, on the law, by adding thereto a provision dismissing the third cause of action with leave to plaintiff to appropriately amend the bill of particulars. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendant Frater performed cardiac surgery upon George Frew on February 12, 1975, the day on which the alleged act of malpractice was performed. It is undisputed that Frew was under the continuous treatment of Dr. Frater from that date until his death on September 5, 1975. This action was commenced on or about June 13, 1978. Dr. Frater contends that the personal injury action had to be commenced either within three years of February 12, 1975 (CPLR 214) or within two and one-half years of September 5, 1975 (CPLR 214-a, adopted L 1975, ch 109, § 6). CPLR 214-a shortened the Statute of Limitations in medical malpractice actions, and is "applicable to an act, omission, or failure occurring on or after [July 1, 1975]" (L 1975, ch 109, § 37). Thus, the three-year period of limitation is the applicable one, since the act of malpractice complained of occurred in February, 1975. The fact that the "continuous treatment" theory postponed the accrual of a cause of action until decedent's death on September 5, 1975 (see *Borgia v City of New York,* 12 NY2d 151) does not in our view make CPLR 214-a the applicable statute. The "continuous treatment" theory merely defers the commencement of the running of the period, but the applicable period is to be determined by when the "act" of negligence in fact occurred. Therefore, under the facts of this case the action was timely commenced. *Res ipsa loquitur* is an evidentiary rule and as such does not constitute a separate cause of action. Therefore, the third cause of action is dismissed with leave to plaintiff to appropriately amend the bill of particulars. Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.