■ HALLDOR GUDMUNDSON et al., Respondents, v EDWARD H. AXELROD, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Evans, J.), entered January 9, 1981, unanimously reversed, on the law, and defendant-appellant's motion for summary judgment dismissing the complaint as time barred granted, with costs. Plaintiff-respondent husband sustained injury to a hip in October, 1973 and was admitted to hospital, where he was treated by defendant-appellant doctor until discharged on December 9 of that year, departing immediately thereafter for his home in Iceland. On October 23, 1973, defendant had performed the surgery now asserted as the basis for this malpractice claim. After arrival at home, plaintiff remained in the care of a local physician, the first six weeks being spent in hospital, and thereafter for some time as an outpatient. In August, 1974, while here on business, he communicated with defendant "because the progress was not to [his] satisfaction," and visited his office, where X rays were taken and read by defendant.

At plaintiff's request, the doctor wrote a letter providing an opinion to be transmitted by the patient to his treating physicians at home. No other procedure was performed, nor treatment given. Suit was commenced for malpractice as plaintiff claims,* on December 22, 1976, more than three years beyond the 1973 date of discharge from defendant's care. Under the then-obtaining statute providing for a three-year period of limitation, the malpractice claim would be time barred unless it should be established that the August, 1974 visit to defendant's office, made at plaintiff's own request, constituted an episode in a course of continuous treatment, as described in *Borgia v City of New York* (12 NY2d 151). There is no issue of fact on this score. There is nothing in the record to support plaintiff's present claim that the renewed contact had been at defendant's earlier instruction. Indeed, plaintiff stated in his deposition that he had come here on business, had initiated the contact, and that he underwent the examination to secure a letter of opinion to furnish guidance to the doctors then treating him. In the circumstances, there is no issue of fact to be resolved as to the last day of treatment, which was the date of discharge on December 9, 1973. The motion to dismiss should have been granted. Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.

---

* Defendant contends that service of the summons was a month earlier, but this makes no practical difference.