■ NICOLE DEJURENEV, Respondent, v A. H. ROBINS Co., INC., et al., Defendants, and MYRON BUCKMAN, Individually and as MYRON BUCKMAN, P. C., et al., Appellants.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered April 9, 1984, which denied the motion of defendant Myron Buckman, individually and Myron Buckman, P. C., for partial summary judgment, is unanimously reversed, on the law and on the facts, and the motion is granted to the extent of limiting the defendant's liability to two and one-half years prior to the commencement of the instant action, without costs.

Dr. Myron Buckman allegedly first saw plaintiff as a patient, on or about January 17, 1973, when he inserted a Dalkon Shield intrauterine contraceptive device (IUD) into her uterus. From that time until on or about September 9, 1975, Dr. Buckman provided plaintiff with medical services, including regular gynecological checkups. When the plaintiff moved to Southampton, New York around the beginning of 1976, she no longer saw Dr. Buckman, since his office was located in Manhattan and plaintiff desired to be treated by a local Southampton gynecologist.

In June 1979, plaintiff allegedly suffered abdominal pains, which were diagnosed by a Southampton physician as a severe pelvic infection, and the subject IUD was removed. During the period June 25 to June 29, 1979, while she was a patient at Southampton Hospital, plaintiff telephoned Dr. Buckman to ask his opinion about her condition. Following her discharge from this hospital, on July 23, 1979 she visited Dr. Buckman's office and he examined her. Subsequently, on February 25, 1980, plaintiff returned to Dr. Buckman's office complaining of, in substance, a swollen abdomen; and, after he completed his examination of her, he sent the plaintiff for tests, such as a barium enema and an ultrasound of her pelvis. As a result of the outcome of these tests, Dr. Buckman referred plaintiff to a gastroenterologist. Plaintiff concedes that her contact with Dr. Buckman ended by March 1980.

Plaintiff commenced the instant medical malpractice and products liability action in August 1981 against a number of defendants, including Dr. Buckman, who is referred to in the caption as Myron Buckman, individually and Myron Buckman, P. C. The complaint, in substance, alleges that the plaintiff suffered personal injuries from the insertion and alleged resultant sequelae of the IUD. Also in August 1981, a hysterectomy had been performed on plaintiff.

After the service of Dr. Buckman's answer and the completion of some discovery, including the service of a bill of particulars by plaintiff and the depositions of plaintiff and Dr. Buckman, he moved for partial summary judgment to limit his liability to the two and one-half year period immediately prior to the commencement of this action. In support of that motion, Dr. Buckman contends that the "continuous treatment" doctrine should not be applied herein, in view of the fact that he allegedly had no contact with the plaintiff from September 1975 until after the removal of the IUD in June 1979. Special Term denied that motion.

We disagree.

Our review of the record indicates that this approximately four-year lack of doctor and patient contact, from sometime in 1975 to sometime in 1979, is corroborated by, *inter alia,* plaintiff's own deposition testimony. In that testimony, plaintiff significantly admitted that she "stopped being [Dr. Buckman's] patient in the middle of 1975, I believe it was" [material in brackets added].

Based upon the overwhelming evidence, which eliminates any triable issue of fact, we find that the continuous treatment doctrine *(Borgia v City of New York,* 12 NY2d 151) does not apply in the instant case to toll the Statute of Limitations (CPLR 214-a). Therefore, we grant Dr. Buckman's motion for partial summary judgment. Concur—Sullivan, J. P., Ross, Fein, Milonas and Ellerin, JJ.