OPINION OF THE COURT
Henry G. Gossel, J.
This is a motion made by the defendants in a medical malpractice action pursuant to CPLR 3212 for an order dismissing the complaint and directing that judgment be entered in favor of the defendants on the ground that the applicable Statute of Limitations has expired.
The plaintiff was treated by the defendants for feet problems and upon examination by defendants it was determined that plaintiff had bunionettes on both feet and also a hallux valgus on both feet. The defendant doctor formulated a treatment plan for both feet, each to be operated on separately; first the left foot and then the right. This plan appears to have been formulated on an office visit on March 17, 1978. It appears that the treatment of the right foot was not to begin until treatment of the left foot had been completed. The plaintiff was admitted to a hospital for said treatment on *597 April 3, 1978 and was operated on by the defendant doctor on April 4, 1978. The surgery involved the left foot and the procedure was followed by an application of a cast. On an office visit to defendant on April 28, 1978 the cast was removed, an apparent burn was discovered, and the cast was reapplied. On May 1, 1978 the cast was permanently removed and the defendant recommended treatment of the burn and treated it until May 10, 1978. Plaintiff on May 11, 1978 began treatment for the burn with one Dr. Joel Pauli, and thereafter did not see the defendant again for treatment of the burn. Thereafter the other foot was operated on and the last time defendant doctor treated the plaintiff relative thereto was October 27,1978.
The basis of the relief sought by the movants is that the burn on the left calf was treated by the defendant from the date of its discovery, April 28, 1978, up to and including May 10, 1978, but not after, and therefore the within action commenced on or about April 24, 1981 is untimely pursuant to CPLR 214-a since the action was commenced more than two and one-half years after the last treatment of the continuous treatment rendered by the movant dealing with the left calf burn.
The plaintiff maintains that the continuing treatment doctrine is not restricted in time to treatment of the alleged injury caused by the defendant, but rather relates to the underlying treatment in the case, namely, the treatment of both feet, the later of which was last treated on October 27, 1978.
Under CPLR 214-a the continuous treatment does not refer to the alleged injury caused by the malpractice, but rather the underlying condition being treated by the doctor at the time the malpractice injury occurs, and the continuous treatment therefore extends through the treatment of the underlying condition, independent of the injury allegedly caused by the movant.
In this case there is "continuous treatment for the same * * * condition which gave rise to the said act, omission or failure” (CPLR 214-a). The continuous treatment was for the condition as diagnosed and treatment formulated by the movant on May 17, 1978 and ended on October 27, 1978, which incidently included the limited treatment of the burn in question.
The alleged malpractice act and its treatment is not deter *598 minative of the end of the period of continuous treatment (McDermott v Torre, 56 NY2d 399; Borgia v City of New York, 12 NY2d 151) since it would defeat the purpose of the doctrine itself, namely, to permit the corrective treatment of the patient by the physician without the interruption of the treatment with service of a summons.
The motion of the defendants is denied.