OPINION OF THE COURT
 

 Simons, J.
 

 Petitioner instituted this proceeding on behalf of an infant allegedly injured as a result of the inadequate diagnosis and treatment by respondent hospital. The issue is whether the
 
 *633
 
 maximum 10-year extension of the Statute of Limitations afforded to infants by CPLR 208 runs from the initial negligent act or from the end of any period of subsequent continuous treatment.
 

 On November 17, 1978 petitioner Ann Mary J. gave birth to Daniel J. at Cumberland Hospital, an institution operated by respondent New York City Health and Hospitals Corporation. On December 4, 1978 Daniel underwent emergency surgery there to correct a strangulated hernia. After two follow-up visits to the hospital’s out-patient clinic in December 1978, Daniel was readmitted with a diagnosis of inguinal hernia and undescended left testis. Additional surgery was performed, followed by continued treatment at the hospital for the next three months. Daniel presently does not have either testicle and will require lifelong hormonal treatment.
 

 Petitioner commenced this proceeding seeking leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) and also "immediate leave” to serve a summons and complaint. She claims respondent was guilty of malpractice because of its doctors’ initial failure to diagnose the undescended testicle problem immediately after Daniel J.’s birth and based on a notation in respondent’s records indicating that the infant’s right testicle may have subsequently been compromised during the December 4, 1978 surgery. In support of her request to serve a late notice of claim, petitioner contended that Daniel J. had received "continuous treatment” for his hernia and testicle problems until March 15, 1979 and, accordingly, that the action commenced December 12, 1988 was timely filed under the applicable 10-year period allowed infants by CPLR 208. Supreme Court agreed and granted the petition. The Appellate Division affirmed and we granted respondent leave to appeal.
 

 Service of a notice of claim is required in personal injury actions against respondent (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1, as amended] § 20 [2]; McKinney’s Uncons Laws of NY § 7401 [2]). Such notices are governed by the provisions of section 50-e of the General Municipal Law which provides that the notice of claim must ordinarily be served within 90 days after the cause of action accrues. The court may extend the time to serve for the period of the applicable Statute of Limitations, however, including any particular tolls or extensions
 
 (see,
 
 General Municipal Law § 50-e [5];
 
 Cohen v Pearl Riv. Union Free School Dist.,
 
 51
 
 *634
 
 NY2d 256, 262-263). Thus, the question of whether the courts below had discretion to grant petitioner’s application turns on whether the notice was served within the applicable Statute of Limitations.
 

 CPLR 208 provides in pertinent part: "[i]f a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and * * * the time otherwise limited [for commencing the action] is less than three years, the time shall be extended by the period of disability.” Where medical malpractice actions accrue during infancy, the extension is limited to 10 years from the time of accrual. This 10-year "cap” was added in 1975 as part of a comprehensive package of special procedural rules designed to ameliorate a perceived medical malpractice insurance crisis. Among other provisions, the bill reduced the Statute of Limitations for malpractice claims generally from 3 to 2
 
 V2
 
 years and limited the infancy toll to 10 years (L 1975, ch 109;
 
 see,
 
 Mem of State Executive Dept, 1975 McKinney’s Session Laws of NY, at 1599; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C208:l, at 386; CPLR C214-a:l, at 592).
 

 Petitioner contends that the action accrued at the end of Daniel J.’s continuous treatment on March 15, 1979 and that the 10-year statutory toll for infancy began to run at that time. She maintains, therefore, that the Supreme Court had discretion to allow filing of the service of a late notice of claim on December 12, 1988
 
 (see,
 
 General Municipal Law § 50-e [5]). An action in medical malpractice "accrues” at the date of the original negligent act or omission, however; subsequent continuous treatment does not change or extend the accrual date but serves only to toll the running of the applicable Statute of Limitations
 
 (McDermott v Torre,
 
 56 NY2d 399, 407;
 
 see also, Rizk v Cohen,
 
 73 NY2d 98, 103;
 
 Suria v Shiffman,
 
 67 NY2d 87, 95). Petitioner’s claim, based on the initial failure to diagnose an undescended testicle problem at birth and the loss of the right testicle, accrued no later than December 4, 1978. Inasmuch as a medical malpractice must be commenced within 10 years from the date of accrual under CPLR 208, the period of limitations expired on December 4, 1988 and the courts below erred in granting leave to serve a late notice of claim (General Municipal Law § 50-e [5]).
 

 Petitioner acknowledges the
 
 McDermott
 
 rule but notes that at the time CPLR 208 was enacted the cause of action in
 
 *635
 
 continuous treatment actions accrued at the end of the treatment, not the beginning
 
 (see, Borgia v City of New York,
 
 12 NY2d 151,155). She contends that rule should be applied here and that when it is applied, the 10-year infancy toll under CPLR 208 did not begin to run until the end of Daniel J.’s continuous treatment.
 

 In
 
 Borgia v City of New York (supra),
 
 we stated that in continuous treatment cases the cause of action accrued at the conclusion of treatment. It appears from the legislative history that in explaining the proposed amendment of the infancy toll the sponsor used our decision to illustrate how the 10-year provision would operate. There is no indication that the reference was intended as other than illustrative, however. The sponsor’s memorandum did not suggest tacking the infancy toll onto any continuous treatment toll; it noted only that the infancy toll would run from the "accrual” of the cause of action and referred to the definition of accrual under existing law
 
 (Borgia v City of New York,
 
 12 NY2d 151, 155,
 
 supra).
 
 Nor did the Legislature otherwise manifest any intention to codify the
 
 Borgia
 
 definition of accrual in CPLR 208 or limit this Court’s consideration of the
 
 Borgia
 
 rule. Indeed, the accrual date fixed in
 
 McDermott
 
 is consistent with the primary purpose of the bill, "to assure prompt disposition of medical malpractice claims” (Bill Jacket, L 1975, ch 109, Governor’s Program Bill Mem, at 1). To apply the
 
 Borgia
 
 definition of accrual to CPLR 208 now would perpetuate the illogical consequences of the rule we corrected in
 
 McDermott
 
 (56 NY2d 399, 407,
 
 supra)
 
 and create an unwarranted exception for accrual applicable only to infants’ claims.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and petitioner’s application to serve a late notice of claim denied.
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, etc.