■ CARLA SERGILE, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—In a medical malpractice action to recover damages for personal injuries, in which the plaintiff moved for leave to file a late notice of claim, the defendant appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated May 22, 1989, which granted the plaintiff's motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The record reveals that the alleged acts of medical malpractice which injured the infant plaintiff occurred during her birth on December 16, 1977. Thereafter, the infant underwent continuous treatment for the same condition at the defendant's hospital facility until September 24, 1979. Relying upon CPLR 208, which provides a maximum extended limitations period of 10 years for medical malpractice actions brought by infants, the plaintiff commenced this action and moved for leave to serve a late notice of claim within 10 years after the continuous treatment ended, but more than 10 years after the date on which the alleged malpractice occurred. The defendant opposed the motion on the ground that it was untimely because it was made more than 10 years after the claim accrued. The Supreme Court granted the motion for leave to serve a late notice of claim, finding that the malpractice cause

of action did not accrue, and the 10-year extended limitations period of CPLR 208 consequently did not commence running, until the continuous treatment of the infant ended. We reverse.

We find the recent Court of Appeals decision in *Matter of Daniel J. v New York City Health & Hosps. Corp.* (77 NY2d 630) to be dispositive of the issue raised in the instant case. There, as in the matter before us, the plaintiff sought leave to file a late notice of claim more than 10 years after the last act of alleged malpractice on December 4, 1978, but less than 10 years after the end of the defendant's continuous treatment of the infant. In holding that the application was untimely as a matter of law and should have been denied, the Court of Appeals observed as follows: "Petitioner contends that the action accrued at the end of Daniel J.'s continuous treatment on March 15, 1979 and that the 10-year statutory toll for infancy began to run at that time. She maintains, therefore, that the Supreme Court had discretion to allow filing of the service of a late notice of claim on December 12, 1988. * * * [However], [a]n action in medical malpractice 'accrues' at the date of the original negligent act or omission. * * * [S]ubsequent continuous treatment does not change or extend the accrual date but serves only to toll the running of the applicable Statute of Limitations *(McDermott v Torre,* 56 NY2d 399, 407; *see also, Rizk v Cohen,* 73 NY2d 98, 103; *Suria v Shiffman,* 67 NY2d 87, 95). Petitioner's claim * * * accrued no later than December 4, 1978. Inasmuch as a medical malpractice [action] must be commenced within 10 years from the date of accrual under CPLR 208, the period of limitations expired on December 4, 1988 and the courts below erred in granting leave to serve a late notice of claim (General Municipal Law § 50-e [5])" *(Matter of Daniel J. v New York City Health & Hosps. Corp., supra,* at 634).

Likewise, in the instant case the 10-year period within which the plaintiff could commence the action and seek leave to serve a late notice of claim expired on December 16, 1987. Inasmuch as she did not move to serve a late notice of claim until after that date, the motion was untimely as a matter of law and the Supreme Court had no authority to exercise its discretion to grant the motion *(see,* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950; *Myrick v County of Suffolk,* 139 AD2d 633; *Siahaan v City of New York,* 123 AD2d 620). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.