■ IVELISE APONTE, an Infant, by Her Mother and Natural Guardian, CARMEN QUIRINDONGO, et al., Respondents, v BELLE-VUE HOSPITAL CENTER, Appellant.—Order, Supreme Court, New York County (Eve M. Preminger, J.), entered August 16, 1990, which granted plaintiffs' motion for leave to serve a late notice of claim against defendant, unanimously reversed, on the law, and the motion is denied, without costs.

The IAS court found that, because of her continuous treatment in municipal hospitals from the time of her birth at Bellevue on December 1, 1973, the infant plaintiff's cause of action for medical malpractice did not accrue and her time for filing a notice of claim did not begin to run until the end of that treatment in February 1977 and that she was entitled to the benefit of the 1976 amendment to General Municipal Law § 50-e, which allows discretionary extensions of time to file a notice of claim coextensive with the Statute of Limitations.

However, as the Court of Appeals reaffirmed in *Matter of Daniel J. v New York City Health & Hosps. Corp.* (77 NY2d 630, 634), a decision rendered some eight months later, "An action in medical malpractice 'accrues' at the date of the original negligent act or omission [and] subsequent continuous treatment does not change or extend the accrual date but serves only to toll the running of the applicable Statute of Limitations *(McDermott v Torre,* 56 NY2d 399, 407; *see also, Rizk v Cohen,* 73 NY2d 98, 103; *Suria v Shiffman,* 67 NY2d 87, 95)."

The version of General Municipal Law § 50-e in effect in 1973 provided that any application for leave to serve a late notice of claim was required to be made " 'within the period of one year after the happening of the event upon which the claim [was] based' " *(Grellet v City of New York,* 118 AD2d 141, 143-144). While, as the IAS court noted, the statute was amended in 1976 to allow the courts to authorize a late notice of claim up to the expiration of the applicable Statute of Limitations (L 1976, ch 745, § 2), the Court of Appeals has

held that the new law does not revive claims that accrued more than one year prior to its effective date of September 1, 1976 *(Matter of Beary v City of Rye,* 44 NY2d 398, 413). Furthermore, a plaintiff's claim is governed by the notice of claim statute in effect when his or her claim accrued *(see, McDermott v Torre, supra,* at 407).

The IAS court's reliance upon our holding in *Chilan v City of New York* (87 AD2d 568) was misplaced inasmuch as that decision has been effectively overruled by *McDermott v Torre (supra)* and *Matter of Daniel J. (supra)* to the extent that we held that a claim does not accrue until after the end of a period of continuous treatment. Concur—Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.