■ ANN MARY J. et al., Respondents, v CITY OF NEW YORK, HEALTH AND HOSPITALS CORPORATION, Defendant, and BROOKLYN HOSPITAL et al., Appellants. [613 NYS2d 182] —In an action to recover damages for medical malpractice, etc., the defendants Dickinson, Erskine, and Amini appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated August 31, 1991, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as it is asserted against them, and the codefendant Brooklyn Hospital separately appeals from so much of the order as denied its motion pursuant to CPLR 3211 (a) (5), or for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions hereof which denied those branches of the appellants' motions which were to dismiss the second cause of action and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed, without costs or disbursements.

In a prior appeal to the Court of Appeals involving the liability of the New York City Health and Hospitals Corporation, to which the instant appellants were not parties, the infant plaintiff argued that the treatments rendered by the appellants Drs. Amini and Dickinson over a three month period were "continuous" in nature and that the 10-year toll for infancy under CPLR 208 should be measured from the last

treatment rendered *(see, Matter of Daniel J. v New York City Health & Hosps. Corp.,* 77 NY2d 630, 635).

The Court of Appeals disagreed, concluding, *inter alia,* that the 10-year toll was properly measured from the initial act of negligence, which occurred on December 4, 1978, when a surgical procedure allegedly compromised the infant's right testicle *(see, Matter of Daniel J. v New York City Health & Hosps. Corp., supra,* at 633-634). The Court emphasized that the subsequent, "continuing" treatments would not serve to alter the accrual date of the plaintiffs' cause of action, but operated only to toll the running of the limitations period until the last treatment was rendered *(Matter of Daniel J. v New York City Health & Hosps. Corp., supra,* at 634). Since the plaintiffs commenced their action against the New York City Health and Hospitals Corporation more than 10 years after the December 4, 1978, surgery, the Court concluded that the cause of action against that defendant was time-barred.

The instant appellants, the doctors who treated the infant and Brooklyn Hospital, where the infant was also treated subsequent to December 4, 1978, now argue that the ruling of the Court of Appeals with respect to the accrual of the cause of action arising from the December 4, 1978, surgery is applicable to them, and that plaintiffs' failure to commence the action within 10 years from that date requires dismissal of the action as against all defendants with respect to all acts of negligence alleged. We disagree.

Contrary to the appellants' contentions, the Court of Appeals considered only one of the many negligent acts alleged to have been committed by the defendant doctors, to wit, the initial surgery performed on December 4, 1978, which allegedly compromised the infant's right testicle. The Court did not consider the various negligent acts alleged to have occurred later, during the subsequent course of the infant plaintiff's treatment *(see, McDermott v Torre,* 56 NY2d 399, 407). These allegedly negligent acts constitute separate, "different cause[s] of action" *(McDermott v Torre, supra,* at 407). We note that the plaintiffs' bills of particulars identify several negligent acts allegedly committed by the defendants within 10 years of the commencement of the action against them. Under the circumstances, the ruling of the Court of Appeals is not applicable to these distinct acts occurring within 10 years of the commencement of this suit *(cf., McDermott v Torre, supra).*

Further, we conclude that Brooklyn Hospital failed to establish its prima facie entitlement to judgment as a matter of law with regard to its claim that Dr. Dickinson, who treated the

infant plaintiff at the hospital, was neither an employee nor under its control *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see also, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79). Brooklyn Hospital did not submit the affidavit of an individual competent to officially document Dr. Dickinson's employment status or the nature of his professional relationship with the Hospital when he treated the infant plaintiff at its facility *(see, Lockhart v Grace,* 189 AD2d 656; *cf., Roche v Hearst Corp.,* 53 NY2d 767; *Cotto v City of New York,* 99 AD2d 748, 749).

Lastly, although the infant plaintiff may benefit from the infancy toll contained in CPLR 208, the infant's mother may not. Inasmuch as the derivative claim asserted by the infant plaintiff's mother is now time-barred, her cause of action must be dismissed *(see, Matter of West v New York City Health & Hosps. Corp.,* 195 AD2d 517; *Wojnarowski v Cherry,* 184 AD2d 353; *Dunaway v Staten Is. Hosp.,* 122 AD2d 775). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.