■ JEANETTE RIVERA, Respondent, v BROOKDALE HOSPITAL MEDICAL CENTER, Appellant. [613 NYS2d 645] —In an action to recover damages for medical malpractice, the defendant Brookdale Hospital Medical Center appeals from an order of the Supreme Court, Kings County (Clemente, J.), entered September 10, 1992, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion in its entirety, and substituting a provision granting the motion to the extent of dismissing so much of the complaint as is based on alleged acts of malpractice occurring prior to July 5, 1980, and otherwise denying the motion; as so modified, the order is affirmed, with costs to the appellant.

This medical malpractice action arises from the appellant's treatment of an injury sustained by the plaintiff in April 1976 when the plaintiff, who was born on September 14, 1970, was five years old. The complaint and bill of particulars indicate that the alleged acts of malpractice occurred between May 21, 1976, and January 23, 1982. The summons and complaint were served on July 5, 1990.

The appellant moved for summary judgment dismissing the complaint, arguing, in reliance on *Matter of Daniel J. v New York City Health & Hosps. Corp.* (77 NY2d 630), that the maximum 10-year toll of the Statute of Limitations for infancy *(see,* CPLR 208) runs from the time the cause of action accrues, rather than at the end of a period of continuous treatment *(see,* CPLR 214-a). The Supreme Court denied the motion in its entirety.

While we agree with the appellant's argument that the Supreme Court erred, we do not agree that the entire complaint must be dismissed. The appellant is correct that the

maximum 10-year infancy toll is measured not from the end of a period of continuous treatment, but from the accrual of the cause of action *(see, Matter of Daniel J. v New York City Health & Hosps. Corp., supra; Sergile v New York City Health & Hosps. Corp.,* 175 AD2d 119). The complaint and bill of particulars indicate, however, that the action is based on various acts of malpractice occurring between May 21, 1976, and January 23, 1982. Because each act of negligence is a separate basis for recovery *(see, McDermott v Torre,* 56 NY2d 399, 407), the action is timely with regard to any act occurring within the 10-year period prior to the commencement of the action *(Ann Mary J. v New York City Health & Hosps. Corp.,* 204 AD2d 690). Therefore, only causes of action based upon acts occurring prior to July 5, 1980, are time barred. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.