(April 10, 1997)

1 KATHRYN YOUNG, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [655 NYS2d 528] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered September 14, 1995, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 and 3212 for failure to file a timely notice of claim, reversed, on the law, without costs, the motion denied and the complaint reinstated.

The dissent accurately portrays the facts; however, while it is well settled that treatment is deemed to be continuous for Statute of Limitations purposes " 'when further treatment is explicitly anticipated by both physician and patient' " (De Peralta v Presbyterian Hosp., 121 AD2d 346, 349 [emphasis omitted]), it has also been stated that treatment is considered to be continuous until "a hospital or physician considers treatment of a patient to be completed and the patient is neither instructed nor requested to return for further examination or treatment" (Swift v Colman, 196 AD2d 150, 152, citing McDermott v Torre, 56 NY2d 399, 405). Moreover, it is the existence of a relationship of continuing trust and confidence which underlies the continuous treatment doctrine; such a relationship does not necessarily end with a patient's last visit with her physician and thereby bar forever a finding of continuing treatment (McDermott v Torre, supra, at 406; see also, Richardson v Orentreich, 64 NY2d 896, 898). Such findings are clearly made on a case by case basis and are necessarily contingent upon the particular facts of each case. Plaintiff was never told of the results of her mammogram or that she would not need any further treatment or examinations for that condition. Instead, she was told nothing, one way or the other and thus had no reason to conclude that her relationship with defendants' clinic had ended. Defendants point out that plaintiff assumed the mammogram results were negative and, therefore, assumed that no further treatment was or would be necessary. However, it would be reasonable to assume that the radiologist

believed the relationship and treatment to be ongoing as indicated by his recommendation that the plaintiff undergo a biopsy or return for a follow-up mammogram in three months. Furthermore, it is unclear from the record whether any of the clinic's doctors (Dr. Min as well as the other doctors who examined plaintiff for the unrelated conditions) had read the radiologist's report, had assumed that plaintiff had been informed of its results and recommendations, or had assumed that plaintiff would be undergoing another mammogram or a biopsy.

Therefore, while it cannot be said that treatment was explicitly ongoing, it also cannot be said that the doctors concluded that the plaintiff's treatment for this condition was complete or even that plaintiff had been explicitly told that she would not have to return for further treatment for this condition. Thus, plaintiff's time to file a notice of claim began to run out after her last appointment at the clinic on or about May 29, 1991, after which she says she decided to terminate her relationship with the defendants and initiate legal action. Since her notice of claim was served on or about June 13, 1991, it should have been deemed timely. Concur—Murphy, P. J., Rubin and Andrias, JJ.

Sullivan and Milonas, JJ., dissent in a memorandum by Sullivan, J., as follows: After visiting the Sydenham Clinic on March 24, 1990 with a complaint of breast pain, plaintiff underwent a mammogram on April 18, 1990 and was advised that she would be informed of the results. The report of the mammogram, indicating certain irregularities, stated "biopsy or follow-up in three months is advised" and included a handwritten notation: "Needs recall." These results were not communicated to plaintiff. When she returned to the clinic on June 18, 1990, in connection with an unrelated condition, and was still not provided with the mammogram results, she "concluded that [her] mammography was negative." It was not until November 17, 1990, when she returned to the clinic after she had been contacted a few days earlier and had been asked to appear in connection with the abnormal mammogram, that plaintiff was advised of the irregularities that the mammogram revealed.

Ultimately, plaintiff commenced this action for malpractice, and defendant moved for dismissal for failure to file a timely notice of claim. The IAS Court held that the notice of claim was not timely as to acts of malpractice that occurred prior to November 17, 1990, when, the IAS Court held, "a course of treatment" commenced, and granted defendants' motion to dismiss the complaint with respect to those acts.

In seeking reversal, plaintiff asserts that there was a continuous course of treatment related to her complaint of breast pain, relying on defendants' judgment that follow-up and further evaluation of her condition were necessary. Under the continuous treatment doctrine, the time in which to bring a malpractice action is tolled for a particular condition " ' "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint." ' " (*Rizk v Cohen*, 73 NY2d 98, 104, quoting *McDermott v Torre*, 56 NY2d 399, 405, quoting *Borgia v City of New York*, 12 NY2d 151, 155.) "The purpose of this doctrine is to ameliorate the harshness of a rule which ties accrual of a malpractice action to the date of the offending act [citation omitted], thereby creating a dilemma for the patient, who must choose between silently accepting continued corrective treatment from the offending physician, with the risk that his claim will be time-barred or promptly instituting an action, with the risk that the physician-patient relationship will be destroyed." (*Rizk v Cohen, supra,* at 104.) Noting this purpose, the Court of Appeals held in *Rizk* that the determination as to whether continuous treatment exists must focus on the patient and that there is no sound basis for applying the doctrine where the plaintiff was not aware that further treatment was necessary (*supra*).

*Swift v Colman* (196 AD2d 150, 152) does not, as the majority suggests, hold that treatment is considered continuous until "a hospital or physician considers treatment * * * to be completed and the patient is neither instructed nor requested to return for further examination." The case states, rather, that "the Statute of Limitations may commence to run when a hospital or physician considers treatment * * * to be completed and the patient is neither instructed nor requested to return for further examination or treatment [citations omitted]. However, when further treatment is explicitly anticipated by both the physician and the patient, the continuous treatment doctrine may effectively toll the Statute of Limitations [citation omitted]." (*Supra,* at 152.) It is thus clear that even in *Swift* the Court recognized that the continuous treatment doctrine does not apply unless the patient anticipated further treatment.

In light of these considerations, the IAS Court was clearly correct in dismissing the complaint as to acts of malpractice that occurred prior to November 17, 1990. There is no evidence in the record that, between June 18, 1990 and November 17, 1990, plaintiff was in any way aware that further treatment

for the breast condition was necessary; indeed, as noted, she concedes that after the June 18, 1990 visit she concluded that the mammography was negative. That she had an ongoing relationship with the clinic is of no moment. The " 'mere continuity of a general physician-patient relationship' " is insufficient to satisfy the requirements of the continuous treatment doctrine (*Rizk v Cohen, supra*, 73 NY2d, at 103, quoting *Borgia v City of New York*, 12 NY2d 151, 157, *supra*), which "is designed only to avoid the dilemma faced by a patient who is under ongoing treatment for the same condition" (*Ross v Community Gen. Hosp.*, 150 AD2d 838, 840; *see also, Rizk v Cohen, supra*, 73 NY2d, at 104). Thus, the pre-November 17, 1990 period of treatment cannot be considered in the continuous treatment toll.

Plaintiff's reliance on *Garcia-Alano v Guttman Breast Diagnostic Inst.* (188 AD2d 262, *lv dismissed* 81 NY2d 1007), where the Court found that the series of breast examinations plaintiff underwent fell within the continuous treatment doctrine, is misplaced. That case is distinguishable since there plaintiff had been specifically advised to return for follow-up examinations and was thus aware that further treatment was necessary. (*See also, Swift v Colman*, 196 AD2d 150, 152, 154, *supra*, where both physician and patient "explicitly anticipated" further treatment for the condition and "a continuous relationship of trust and confidence existed.") No such showing has been made here.

Accordingly, I dissent and would affirm.