■ SUSAN SCHNEIDER et al., Appellants, v RICHARD FRIEDMAN, Respondent. [659 NYS2d 1017] —In an action to recover damages for malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rohl, J.), dated June 20, 1996, which (1) granted the defendant's motion to dismiss the complaint as time-barred, and (2) denied their cross motion to dismiss the defendant's second affirmative defense of the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff Susan Schneider was a patient under the psychological care and treatment of the defendant Dr. Richard Friedman from April 1988 to March 1990. The next documented record of an office visit by the plaintiff with the defendant is in June 1992. On May 13, 1994, the patient and her husband commenced this action in which they allege acts of malpractice concerning treatment spanning the entire course

of therapy. The defendant moved to dismiss the complaint as time-barred (see, CPLR 214 [6]). The court granted the motion and denied the plaintiffs' cross motion to dismiss the defendant's affirmative defense of the Statute of Limitations. We affirm.

The determinative question is whether the three-year Statute of Limitations under CPLR 214 (6) was tolled by the continuous treatment doctrine. Under that doctrine, which has been applied to nonmedical professional malpractice, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (see, McDermott v Torre, 56 NY2d 399, 405, quoting Borgia v City of New York, 12 NY2d 151, 155). The record supports the court's determination that the June 17, 1992, office visit did not fall within the continuous course of treatment exception to the Statute of Limitations. Accordingly, the plaintiffs' action, commenced on May 13, 1994, is time-barred, as the period of limitations ended on March 26, 1993, three years following the last day of a continued course of treatment (see, CPLR 214 [6]). Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.