## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

David E. Watson, etc.

v.

Charles H. Warne
and Christian Medical
Associates, P.C.

April 1, 2004

Case No. (Law) CL03-547

BY JUDGE ALAN E. ROSENBLATT

This matter comes before the court on a special plea of the statute of limitations and on a motion for summary judgment filed by the defendants, Charles H. Warne, M.D., and Christian Medical Associates, P.C. The matter was argued on March 2, 2004. Both plaintiff and defense counsel have agreed to the use of deposition transcripts for purposes of the court's consideration and ruling on this motion. The plaintiff, David E. Watson, submitted a brief in opposition and a reply brief. The defendants filed briefs in support of their motion and special plea. After consideration of the evidence and the arguments of counsel, the court grants the motion for summary judgment.

The defendants argue that the plaintiff's claims are barred by Va. Code § 8.01-244(A), which establishes a two-year statute of limitations in wrongful death cases. Further, they argue that the general medical treatment and/or screening that Dr. Warne performed over the approximately ten year period that he treated Mrs. Watson does not constitute continuing treatment for purposes of the continuing treatment rule.

The plaintiff argues that the nature of his claim against Dr. Warne "is a failure to properly screen for colorectal cancer and therefore a failure to diagnose

the cancer." He contends that Dr. Warne had a continuing responsibility during the ten years he treated Mrs. Watson to screen for colorectal cancer and to diagnose the disease and that his failure to do so extends the statute of limitation. I do not agree with the plaintiff.

A claim for wrongful death is governed by Virginia Code § 8.01-244, which provides:

> Notwithstanding the provisions of § 8.01-229 B, if a person entitled to bring an action for personal injury dies as a result of such injury with no such action pending before the expiration of two years next after the cause of action shall have accrued, then an action under § 8.01-50 may be commenced within the time limits specified in subsection B of this section.

Va. Code § 8.01-244(A). Subsection B provides that "every action under § 8.01-50 shall be brought by the personal representative of the decedent within two years after the death of the injured person." Va. Code § 8.01-244(B).

However, the Virginia Supreme Court has carved out an exception to the two-year statute of limitations. The continuing treatment rule, first applied in Farley v. Goode, 219 Va. 969 (1979), extends the two-year limitation period in cases where continuing treatment is rendered. The court held:

> when malpractice is claimed to have occurred during a continuous and *substantially uninterrupted* course of examination and treatment in which a *particular illness or condition* should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

*Id.* at 976 (emphasis added).

The Supreme Court qualified and limited this exception by stipulating that a mere continuity of the physician-patient relationship is insufficient to toll the statute of limitations. *Farley*, 219 Va. at 979. Instead, there must be a "diagnosis and treatment 'for the same or related illnesses or injuries, continuing after the alleged acts of malpractice'. . . ." *Id.* (quoting *Borgia v. City of New York*, 187 N.E.2d 777, 779 (N.Y. 1962)).

Dr. Warne was Mrs. Watson's primary care physician from February 1990 until January 2001. During that period, he treated her for a variety of medical problems including osteoarthritis, depression, insomnia, urinary tract infections, injuries from a motor vehicle accident, vision problems, the flu, and vertigo. Colorectal cancer screenings were first addressed in 1990 and thereafter every one to two years on average. Dr. Warne did not treat Mrs. Watson for any problems related to her colon.

Primary care physicians routinely order tests and other procedures to aid the physician in the diagnosis of a patient's condition. Colorectal cancer screenings are utilized to determine whether cancer is present and whether treatment is necessary. Such tests are purely diagnostic in nature and do not constitute treatment for colon cancer. Accordingly, the plaintiff's claim against Dr. Warne does not fall within the continuing treatment exception to the statute of limitations.

Moreover, as a matter of policy, if these circumstances are found to be continuing treatment, then every primary care physician arguably could be subject to endless statutes of limitation for every screenable illness regardless whether the patient was symptomatic. This would extend the continuing treatment exception far beyond what was intended and far beyond prior case law.

A personal representative can only bring a wrongful death claim based on allegations of personal injury that were not time barred at the time of the decedent's death. Based on the evidence, the plaintiff's cause of action accrued during the period 1994 to 1996. This case was not filed until 2003 and is, therefore, barred by the two-year statute of limitations.

The court grants the defendants' motion for summary judgment.